[No.-5047.]

## MAYER MISCH v. H. A. MAYHEW.

COMPUTATION OF TIME IN SERVING NOTICES.—In a contest concerning an election to an office, the three days' notice which a party who relies on illegal votes given for his adversary must give of the illegal votes he expects to prove are to be computed by including the first day and excluding the last.

APPEAL from the County Court, County of Tehama.

H. A. Mayhew and C. P. Brainard were candidates for the office of county judge, at the judicial election held in the county of Tehama, on the twentieth day of October, 1875. Mayhew, by the official canvass, was declared elected. Misch, an elector in the county, filed a petition contesting his right to the office, on the ground that enough illegal votes had been cast for him, which, if deducted from his vote as declared, would elect Brainard. The defendant, in his answer, also set up that illegal votes were cast for the contestant. The trial commenced on the tenth day of December. After the contestant had rested, the defendant offered in evidence a written list of the number of illegal votes, and by whom given, which defendant intended to prove, and at the same time proved that he delivered a copy of said list to the contestant on the seventh day of December, 1875. The contestant objected to the said list being received in evidence, upon the ground that the copy thereof was not delivered to the contestant at least three days before the trial.

The court sustained the objection, and refused to allow the said list to be read in evidence. The defendant then called several witnesses, and offered to prove by each that illegal votes were cast for the contestant; but the court, on the objection of the contestant, ruled out the evidence, on the ground that no notice of the number of illegal votes and by whom given had been served on contestant. Section 1116 of the Code of Civil Procedure provides that, in such cases, neither party shall give evidence of illegal votes, unless he gives his adversary, at least three days before the trial, a written list of the number of illegal votes he expects to prove, and by whom given. Section 12 of the same code provides that the time in which any act provided by law is to be done is computed by excluding the first day and including the last, etc.

The contestant had judgment and the defendant appealed.

*J. O. Goodwin* and *I. S. Belcher*, for the Appellant.

*W. Henry Jones and S. T. Kirk,* for the Respondent.

The trial took place on the tenth; the list was served on the seventh. Was this "at least three days before the trial?" The list is not to be served within three days, but three days before trial.

By the COURT:

The judgment of the court below is erroneous. The language of section 1116 of the Code of Civil Procedure, which fixes the time when the list of alleged illegal voters shall be served, is equivalent to a requirement that the opposite party shall have three days' notice of the illegal votes which the party serving the list expects to prove at the trial. The case is, therefore, covered by section 12 of the same code, and a list served on the seventh of December could properly be relied upon and proven at the trial on the tenth of December.

The judgment is reversed and the cause is remanded, and the County Court is directed to retry the issues made by the statement of the contestant and the answer of defendant thereto.