GUS JANKS AND JOE NEWMAN V. THE STATE.

*No. 3605.    Decided November 29.*

1. **Election Law—Keeping a Saloon Open on Election Day.**—Indictment may charge two (or more) parties with keeping a saloon open on election day without alleging a partnership between them, and without alleging that they or either of them owned or controlled the saloon.    The offense is one in which two (or more) parties may be joint principals and joint offenders without being partners, and in which they may violate the statute by opening and keeping open a saloon without being the owners of the same.

2. **Same.** — Article 345 of the Revised Statutes provides for a general municipal election annually on the first Tuesday in April, and prescribes that whenever an election is ordered the mayor shall give thirty days notice of the same, etc.    Article 352 provides for a special election to fill vacancies, etc., and requires the city council to order a new election, which special election shall be conducted in the same manner as annual elections, "*provided*, that in all special elections to fill vacancies ten days notice shall be deemed sufficient."    This indictment alleged that the election (special) was held on the first day of May, an election day; that the election was "held by lawful authority" for the purpose of electing one alderman from ward No. 2 of the city (of Marshall), and that said election was held by "lawful, legal authority."    *Held*, that the allegations of the indictment are sufficiently specific.

3. **Same.**—Under the existing law it was not essential that the indictment should allege that the election was held in the voting ward of either of the defendants, or that the saloon kept open by them was situated in said ward.

4. **Same.**—The word "day" used in article 178 of the Penal Code means the natural day of twenty-four hours, commencing and terminating at midnight; and it can not be understood as denoting only the hours during which the polls were open.

5. **Same—Practice—Charge of the Court** or special instructions refused will not be revised on appeal in the absence of bill exceptions except for fundamental error.

6. **Same—Case Approved.**—The legality of the election was assailed upon the ground that no date for the said election was fixed by the order of the city council. The statute does not require the date to be fixed by the order, provided (as was done in this case) ten days notice is given by the mayor prior to the election.    Approving Cooper's case, 26 Texas Court of Appeals, 575, the court holds: First. Primarily the presumption obtains in favor of the legality of the election.    Second. Even if the legality of the election can be assailed collaterally, the burden of establishing the illegality of the same rests upon the accused.    Third. In prosecutions (for violation of election laws) it is immaterial whether the election was legal or illegal if the same was held under the forms of law.

7. **Same.** — An employe who keeps or helps to keep open a saloon on election day is, equally with his principal, amenable to article 178 of the Penal Code.

APPEAL from the County Court of Harrison.    Tried below before Hon. A. H. Cooper, County Judge.

The opinion discloses the case.    The penalty assessed was a fine of $100 against each of appellants.

*M. R. Geer,* for appellants.

*W. L. Davidson,* Assistant Attorney-General for the State.

WHITE, PRESIDING JUDGE.—Appellants were jointly indicted under

article 178 of the Penal Code for keeping open a bar-room or saloon where intoxicating liquors were sold during the day of an election held for the election of an alderman for ward No. 2 of the city of Marshall.

Defendants' motion to quash the indictment was overruled. This motion was based upon the following grounds, in substance, to-wit:

1. Because the indictment charges no partnership between the defendants, nor does it charge that they or either of them owned or controlled said saloon.

2. Because the indictment shows upon its face that no legal election could be held on the day named—said indictment not averring a special election, or that said election was held in the voting ward of either of the defendants, or that said saloon was situated in said ward.

3. Because said indictment contains deductions, inferences, and conclusions of the pleader as to the authority by which said election was held without setting forth the authority in terms; and said indictment is defective in not stating whether said election was held as a general or special election, or ordered at a regular or called or special session of the city council of Marshall.

4. Said indictment is vague, uncertain, indefinite, and duplicitous.

I. It was not necessary that the indictment should allege a partnership between defendants, nor that they or either of them owned or controlled said saloon. In this offense parties may be joint principals and joint offenders without being partners; and parties may violate the statute by opening and keeping open a saloon without being the owners of the same.

II. Article 345 of the Revised Statutes provides for a general municipal election annually on the first Tuesday in April, and prescribes that whenever an election is ordered the mayor shall give thirty days notice of the same in one or more newspapers in the city.

Article 352 of the Revised Statutes provides for a special election to fill vacancies, etc. By it the city council are required to order a new election, which special elections are to be conducted in the same manner as annual elections, "*provided,* that in all special elections to fill vacancies ten days notice shall be deemed sufficient." The indictment alleged that the election was held on the 1st day of May, an election day; that the election was "held by lawful authority" for the purpose of electing one alderman from ward No. 2 of the city; and it alleges that this election was being then and there held "by lawful, legal authority." We are of opinion that these allegations are sufficiently specific. It was not necessary that the indictment should have alleged in terms that the election was a special election; that it had been ordered by the city council at a regular or called session for a particular date or time named, and that ten day's notice had previously been given. All these matters were embraced in the allegations "held by lawful authority" and "held by legal, lawful authority." Such matters of proof are not generally required to be specific-

ally pleaded. Neither in civil nor criminal pleadings is the pleader required to plead his evidence.

Article 178 of the Penal Code denounces the penalty against the keeping open or opening bar-rooms and saloons "during any portion of the day on which an election is held for any purpose or office whatsoever." Under the approved precedents the indictment in the particulars discussed is sufficient. Willson's Crim. Forms, No. 109.

The other objection that the indictment is defective in not alleging that the election was held in the voting ward of either of the defendants, or that said saloon was situated in said ward, is not maintainable under our present statute (article 179 as amended by Act of March 23, 1887). Under the old law it was held that the indictment should and must allege that the offense was committed in the defendant's voting precinct, village, town, or city (Zweifel v. The State, 16 Texas Court of Appeals, 154; Smith v. The State, 18 Texas Court of Appeals, 454), and this allegation will be found in form No. 109, Willson's Criminal Forms, *supra*. But this allegation is not now required, and is not now essential. Willson's Crim. Stats., sec. 282.

We are of opinion the court did not err in overruling the motion to quash the indictment.

The evidence is that the saloon was closed on the day of the election until 7 o'clock p. m., but opened at that hour and kept open until 11 o'clock p. m., the usual time for closing. The polls closed at 6 o'clock p. m., and the votes had been counted and the result of election declared before the saloon was opened. The word "day," as used in article 178 of the Penal Code, includes the time elapsing from 1 o'clock midnight to the succeeding one. It is not to be understood as denoting only the hours during which the polls are open. Haines v. The State, 7 Texas Ct. App., 30; Lawrence v. The State, 7 Texas Ct. App., 192.

Appellants requested several special instructions, which the court refused to give, but no bill of exceptions was reserved to the ruling and no bill of exceptions was taken to the charge of the court. In this attitude of the charge, no fundamental error being manifest, the objections to the charge and refusal of the instructions will not be considered.

Defendants claimed that the election was void absolutely, because no date for the same had been fixed by the order of the city council. The statute does not require the date to be fixed by the order, provided *ten* days notice is given by the mayor prior to the election. Rev. Stats., arts. 345, 352, *supra*. That an order was made is proved, and that ten days notice was given by the mayor is also proved.

In Cooper v. The State, 25 Texas Court of Appeals, 530, and 26 Texas Court of Appeals, 575, a question in every respect analogous came up and it was held: "First. Primarily, the presumption obtains in favor of the legality of the election. Second. Even if the legality of the election can

be assailed collaterally, the burden of establishing the illegality of the same rests on the accused.    Third.    In prosecutions (for violation of election laws) it is immaterial whether the election was legal or illegal if the same was held under the forms of law."

But it is insisted that the judgment against appellant Newman should not stand, because Newman was only a bartender, and the offense being complete by the act of Janks, the proprietor, who opened the saloon, a conviction of Janks satisfied the statute, and no conviction could be had as against Newman.    The statute denounces a penalty not alone against the opening, but against the opening or keeping open of the saloon on election day, and both these offenses were conjunctively charged in the indictment.    An employe who either opens or helps open or who keeps or helps keep open his proprietor's saloon on election day is equally with his principal amenable for a violation of the law.    Davidson v. The State, 27 Texas Ct. App., 262.    If they are acting together they are equally guilty, and both can be punished.

We have found no reversible error in the record, and the judgment is affirmed.

*Affirmed.*

Hurt, J., absent.