WILLIAM W. MINER, TRUSTEE, *vs.* THE GOODYEAR INDIA-
RUBBER GLOVE MANUFACTURING COMPANY.

New Haven & Fairfield Cos., Oct. T., 1892. ANDREWS, C. J., CARPEN-
TER, TORRANCE, FENN and F. B. HALL, Js.

It is provided by Gen. Statutes, § 523, that "the commencement of proceed-
ings in insolvency shall dissolve all attachments, and all levies of ex-
ecution not completed, made within sixty days next preceding."
Property was attached on the fourth of September, between the hours
of seven and eight in the morning, and an assignment in insolvency
was made by the debtor on the third day of November following, at
half past ten in the forenoon. Held that the assignment was made
within the sixty days, and that it dissolved the attachment.

[Argued October 27th—decided December 10th, 1892.]

ACTION by the plaintiff as trustee in insolvency to re-
cover for property of the insolvent debtor attached and
held by the defendant; brought to the Superior Court in
New Haven County, and reserved upon the pleadings for
advice. The case is fully stated in the opinion.

*H. L. Hotchkiss*, for the plaintiff.

*J. W. Alling* and *S. C. Morehouse*, for the defendant.

ANDREWS, C. J.   This case comes to us by a reservation.
The controlling question in it is presented by the plaintiff's
demurrer to the defendant's second defense to the first count
of the complaint.   The plaintiff is the trustee in insolvency
of The Union Waterproof Shoe Company.   If the assign-
ment in insolvency made by that company at half past ten
o'clock in the forenoon of the third day of November, 1891,
dissolved an attachment of the goods of that company made
between the hours of seven and eight o'clock in the morn-
ing of the fourth day of September of the same year, then
the plaintiff is entitled to payment.   Otherwise not.

Section 523 of the General Statutes provides that "the
commencement of proceedings in insolvency shall dissolve

all attachments and all levies of execution not completed made within sixty days next preceding." The question then is, whether the attachment made as above stated was made within the sixty days next preceding the commencement of the insolvency proceedings?

In ordinary speech a day is that space of time in which the earth makes one revolution on its axis. The astronomical day is from noon to noon. The civil day is from midnight to midnight. In the sense of the law a day includes in it the whole twenty-four hours, "the law generally rejecting all fractions of a day in order to avoid disputes." 2 Blackstone, 141; Coke's Littleton, 135; Bouvier's Law Dict., title, "Day." "The effect is to render the day a sort of indivisible point, so that any act done in the compass of it is no more referable to one than to any other portion of it; but the act and the day are co-extensive, and therefore the act cannot be said to be passed till the day is passed." *Lester* v. *Garland*, 15 Vesey, 257. The current of authorities is substantially unvarying to the effect that when the word "day" is used in a statute or in a contract, it will, unless it is in some way restricted, be held to mean the whole twenty-four hours. Thus, when the statute above quoted fixes the period of sixty days, it must be taken to mean days in the sense of the law. Endlich on Statutes, § 534; *Opinion of the Justices*, 45 N. Hamp., 610; *Helpenstine* v. *Vincennes Nat. Bank*, 65 Ind., 582; *Benson* v. *Adams*, 69 id., 353.

But when shall the sixty days begin? Shall the day of the commencement of the insolvency proceedings be included in or excluded from the computation? The language of the statute is sixty days "next preceding." If a day is contemplated as in the sense above indicated, that question is answered by the very words of the statute. The day on which the proceedings were commenced must be excluded. For the day and the act being coterminous and of equal length, nothing could precede the act that did not also precede the day. So too if a statute fixes a period of any number of days as "next after" a given act, the

day of the act would be excluded. The act and the day would begin and end together. Nothing could be after the act that was not also after the day. Our own decisions have established this as the correct rule for the construction of such statutes. *Avery* v. *Stewart*, 2 Conn., 77; *Gates* v. *Bushnell*, 9 id., 530; *Brainard* v. *Bushnell*, 11 id., 16; *Spencer* v. *Champion*, 13 id., 11; *Sands* v. *Lyon*, 18 id., 28; *Weeks* v. *Hull*, 19 id., 376; *Blackman* v. *Nearing*, 43 id., 56.

Counting in this way the sixty days next preceding the commencement of the insolvency proceedings pursuant to which the plaintiff was appointed trustee, included the fourth day of September, 1891. As the attachment was made on that day it was dissolved by the proceedings.

This conclusion renders all the other questions in the case immaterial.

The Superior Court is advised that the defendant's second defense to the first charge of the complaint is insufficient.

In this opinion the other judges concurred.