### ED WILLIS v. THE STATE.

*No. 378. Decided February 3.*

**Arson — Prisoner Setting Fire to Jail or Calaboose.** — A prisoner setting fire to a jail or calaboose in which he is confined, in order to secure his escape therefrom, is guilty of arson. Following Smith v. The State, 23 Texas Cr. App., 357.

APPEAL from the District Court of Cherokee. Tried below before Hon. JAMES T. POLLEY.

Appellant was indicted for burning the Jacksonville calaboose, and at his trial was convicted, his punishment being assessed at a term of seven years in the penitentiary.

The evidence shows, that defendant was a prisoner, being in custody of an officer who was taking him from Palestine to Rusk. They had to lay over for the night at Jacksonville, waiting for a train, and the officer placed the defendant, for safe keeping during the night, in the calaboose. There were no other prisoners in the calaboose. A hole was burnt in the floor of the room in which defendant had been placed, sufficiently large for a man to crawl through, and showed signs as though a person had

crawled through and under the building. Defendant escaped from the calaboose, and was not rearrested for three or four months afterwards.

*L. D. Guinn*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This conviction was for arson. Appellant was confined in the calaboose at Jacksonville. During the night, the building was set on fire, in the room in which he was confined, by which means he secured his escape.

The contention below was, that if defendant did the burning in order to secure his escape, such burning would not constitute the crime of arson.

Such seems to have been the view entertained by the Supreme Court in Delaney's case, 41 Texas, 601; but that case was expressly overruled by the Court of Appeals, in Smith's case, 23 Texas Criminal Appeals, 357; and we are of opinion that the latter case enunciates the correct doctrine.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.