[L. A. No. 1982. In Bank.—June 19, 1907.]

E. H. COSGRIFF, Petitioner, v. BOARD OF ELECTION COMMISSIONERS OF THE CITY AND COUNTY OF SAN FRANCISCO, and G. P. ADAMS, Registrar of said City and County, Respondents.

ELECTION—FILING CERTIFICATES OF PARTY NOMINATIONS—COMPUTATION OF TIME.—Under section 1192 of the Political Code, as amended in 1901, providing that certificates of party nominations, not made by a party convention, but by electors signing the same and designating themselves as a political party with a specified party name, may be filed "not more than fifty days nor less than twenty days before the day of election," the word "days" as there used refers to a day as a unit of time, and not as an aggregation of a certain number of hours, minutes, or seconds. In making such computations, the hours are not counted to ascertain whether a period of twenty-four hours, or a given number of such periods, have elapsed between the act to be done and the day from which the time is to begin running. Consequently, every day and every part of that day is one day before every part of the succeeding day.

ID.—TWENTY DAYS BEFORE ELECTION.—Such certificate of nomination filed at any time on the seventeenth day of October for an election

to be held on the sixth day of the succeeding November is filed twenty days before the day of election.

ID.—CERTIFICATE MAY BE FILED AFTER LAWFUL HOURS IF OFFICE Tˢ OPEN.—Conceding that the registrar of the city and county of San Francisco is not required to keep his office open for the reception of such certificates of nomination after the hours prescribed by law, yet if he does keep his office open after those hours, it is his duty to receive and file such certificates, though presented after the lawful hours.

APPLICATION for a Writ of Mandate to the Board of Election Commissioners of the City and County of San Francisco and to the Registrar thereof.

The facts are stated in the opinion of the court.

Page, McCutchen & Knight, for Petitioner.

Thomas V. Cator, for Respondents.

SHAW, J.—This is an original proceeding in *mandamus* to compel the board of election commissioners of the city and county of San Francisco, and G. P. Adams, as registrar of voters of said city and county, to receive and file in the registrar's office a certificate of nominations of certain persons as candidates of a political party styling itself in said certificate the "Non-Partisan Judicial Party," to be voted for at the election in November, 1906, for the offices of justices of the superior court and justices of the peace of said city and county and to compel said board and registrar to place the names of said candidates upon the official ballots to be used at said election, as party candidates, in a party column, under said party name.

The cause was decided for the petitioner by this court in October, 1906, and a peremptory writ was issued at that time, as prayed for.

The certificate of nomination, duly verified, with the requisite number of signatures of electors thereto, was duly presented to the registrar for filing on October 16, 1906, after five o'clock in the evening. It was again duly presented on October 17, 1906, during the usual and lawful business hours. The offer of October 16th was refused because it was made after five o'clock in the afternoon, and that of October 17th

because, as it is claimed, it was not made within the time limited by law.

It is provided in section 1192 of the Political Code, as amended in 1901, that being the law in force in 1906, that certificates of party nominations, not made by a party convention, but by electors signing the same and designating themselves as a political party with a specified party name, may be filed "not more than fifty days nor less than twenty days before the day of election."

The word "days," as here used, refers to a day as a unit of time, and not as an aggregation of a certain number of hours, minutes, or seconds. In this sense, and for the purpose thus used, a day is not capable of subdivision into hours, minutes, or seconds, but is to be taken as a whole. In such computations the hours are not counted to ascertain whether a period of twenty-four hours, or a given number of such periods, have elapsed between the act to be done and the day from which the time is to begin running. The fractions of the days are no more taken into consideration than are the fractions of the seconds. The consequence is that every day, and every part of that day is, by this rule, *one day before* every part of the succeeding day. The last moment of any day is, in contemplation of law in such cases, one day before the first moment of the next day, although the elapsed time is infinitesimal. The rule is strictly one of convenience. Any other method of computation would require an accurate account to be kept of the exact hour, minute, and second of the occurrence of the act to be timed, would produce endless confusion and strife, and would prove impolitic, if not wholly impracticable.

By the method stated, it is clear that the offer of October 17th was in time. Manifestly, on that theory, the fifth day of November would be one day before the sixth day of that month, and not less than one day before, since the number five is one less than six. So, by counting the consecutive days backward from November 6th, it will be found that October 17th was twenty days, and if twenty days, then not less than twenty days, before November 6th. This is what is contemplated by section 12 of the Political Code, declaring that in computing time by days, the first day is to be excluded and the last day included. Excluding November 6th, the first

day, we find October 17th to be the twentieth day, or the last day of the period, and as it is to be included in the count, it must be counted as part of the period. Thus, it makes the full number of twenty days before the day of the election, and it cannot be ''less than twenty days before'' that day. This application of the rule is well established. (*Misch* v. *Mayhew,* 51 Cal. 514; *Hagenmeyer* v. *Mendocino County,* 82 Cal. 217, [23 Pac. 14]; *Derby* v. *Modesto,* 104 Cal. 522, [38 Pac. 900]; *Bates* v. *Howard,* 105 Cal. 182, [38 Pac. 715]; *Bellmer* v. *Blessington,* 136 Cal. 4, [68 Pac. 111]; *Hannah* v. *Green,* 143 Cal. 21, [76 Pac. 708].)

The petition is in two counts. The first count presents the single question whether or not the offer of the certificate after five o'clock in the afternoon of October 16th was a lawful offer with respect to the time of the day at which it was made. A separate general demurrer to this count was filed, and the disposal of this demurrer renders it necessary to decide the question. While we do not hold that the registrar would be required to keep his office open for such business after the hours prescribed by law, yet we have no doubt that, in cases like this, where the political rights of citizens are involved, if he does keep his office open after those hours, it is his duty to receive and file such a document, though presented after the lawful hours.

The certificate should have been received and filed when offered, and the names of the candidates should have been placed on the ballots as party nominations, in a party column, under the designated party name.

McFarland, J., Lorigan, J., Sloss, J., Henshaw, J., Angellotti, J., and Beatty, C. J., concurred.