Matthias, J.
The relator, Thomas R. Jones, instituted an original proceeding in mandamus in this court and seeks an order compelling the board of deputy state supervisors and inspectors of elections of Montgomery county to receive and file his nom *15 mating petition.as a candidate for chief justice of the municipal court at Dayton at the election to be held on November 2, 1915. It was disclosed upon the hearing that the relator procured a nominating petition in the form required by law, with the requisite number of qualified petitioners, and that he sought to present to the board of deputy state supervisors and inspectors of elections of Montgomery county such nominating petition, for the purpose of having the same filed, shortly after 5 o’clock p. m., . and again later in the evening of September 2, 1915, but was unable to do so for the reason that the office of said board was closed and remained closed until the next day. On that day, being September 3, 1915, relator presented his nominating petition in due and legal form, and with the requisite number' of signatures of qualified electors, and requested that it be filed. Said board refused fio receive and file it.
From these facts it is contended by relator that if it be assumed that September 2 was the last day upon which nominating petitions could be filed, he was entitled to have until midnight of that day to present his petition, and that it was the duty of said board to have its office open and accessible so that petitions for nomination might be presented for filing up to midnight of that day. Relator further contends that the presentation of his petition on the 3d day of September was a compliance with the requirement of Section 5004, General Code (103 O. L., 843), that “nomination papers of candidates shall be filed * * * not less than sixty days previous to the day of election.”
*16 Having reference to the contention first made, we find no statutory provision fixing or in any' manner regulating the office hours of the board of deputy state supervisors and inspectors of elections, nor any express requirements in that regard, but under the express provisions of the statute above referred to, candidates are entitled to all of the period up to “not less than sixty days previous to the day of election” during which to present nominating petitions, and whichever day is the last day upon which such petitions may legally be presented for filing, candidates are undoubtedly entitled to all of it. No rules or regulations of the board of deputy state supervisors and inspectors of elections as to office hours should be permitted to deprive candidates of rights which they have under the law. A well-established .rule of construction requires that this statute shall be so construed as to avoid a penalty or forfeiture, or deprivation of any right conferred by law.
Assuming that September 2 was the last day for the filing of nominating petitions, that day did not expire until midnight, and, hence, opportunity should have been afforded for the presentation of nominating petitions throughout the period allowed by law, which, under the assumption that September 2 was the last day, would not expire until .the end of that day, which was midnight.
The presentation of his nominating papers by the plaintiff on September 3 was within the time fixed by law and in every respect a compliance therewith; hence, his petition, when presented on that day, should have been filed. A statute almost *17 identical, in the respect in question, with Section 5004 of our General Code has been construed by the supreme court of California in the case of Cosgriff v. Election Commissioners, 151 Cal., 407. The requirement there construed, as to the filing of petitions, was not “less than twenty days before the day of election,” while our statute reads “not less than sixty days previous to the day of election.” Because of the similarity of these two provisions, the reasoning of the court in that case is so pertinent and apt that we quote from the opinion the following:
“The word ‘days,’ as here used, refers to a day as a unit of time, and not as an aggregation of a certain number of hours, minutes, or seconds. In this sense, and for the purpose thus used, a day is not capable of subdivision into hours, minutes, or seconds, but is to be taken as a whole. In such computations the hours are not counted to ascertain whether a period of twenty-four hours, or a given number of such periods, have elapsed between the act to be done and the day from which the time is to begin running. The fractions of the days are no more taken into consideration than are the fractions of the seconds. The consequence is that every day, and every part of that day is, by this rule, one day before every part of the succeeding day. The last moment of any day is, in contemplation of law in such cases, one day before the first moment of the next day, although the elapsed time is infinitesimal. The rule is strictly one of convenience. Any other method of computation would *18 require an accurate account to be kept of the exact hour, minute, and second of the occurrence of the act to be timed, would produce endless confusion and strife, and would prove impolitic, if not wholly impracticable.”
A like conclusion is announced in Stebbins v. Anthony et al., 5 Colo., 348. From the many cases construing similar, provisions we cite these because of their clear statement of the rule now generally followed.
The election for which plaintiff sought to qualify as a candidate is to be held on the 2d day of November. Starting with the 1st day of November, which manifestly is one day “previous to the day of election,” and thus counting the consecutive days backward, it is readily ascertained that September 3 is the sixtieth day, and is, therefore, “not less than sixty days previous to the day of election.”
A like construction was placed upon a similar provision by this court in Hagerman et al. v. Ohio Building & Savings Association et al., 25 Ohio St., 186. The provision there construed was a requirement of publication of notice of sale “for at least thirty days before the day of sale,” which is in form almost identical with the statute here in question. The court there held that in computing the time, the day of sale should be excluded, but the day on which the advertisement was first made may be included, and that the time prescribed may be computed by counting the day on which the notice was first given. The. court there held further that Section 597 of the Civil Code, being Section 10216 of the General Code, did not apply because that case *19 did not have to do with an act to be done within a certain time.
From an examination of the many cases dealing with the construction of statutes of this character, we are convinced that the rule of computation now almost universally adopted and followed, and which appeals to us as the proper and reasonable one, is that where a statute requires an act to be performed a fixed number of days previous to a specified day, the last day should be excluded and the first included, just as under a requirement that an act be done a fixed number of days after a specified day, the first is to be included and the last excluded, in making the computation. The use of the words “at least,” prefixed to the number of days named, cannot in anywise affect the result or the method of computation.
Applying the rule above stated, and counting the day of filing the petition and excluding the' day of election, it will be seen that a petition filed on September 3 is filed at least sixty days previous to November 2, which is the day of election this year. It was, therefore, the duty of said board of deputy state supervisors and inspectors of elections to receive and file said petition when presented to it on September 3.

Writ allowed.

Nichols, C. J., Johnson, Donahue, Wanamaker, Newman and Jones, JJ., concur.