DALLAS COUNTY v. REYNOLDS.
(No. 7860.)

(Court of Civil Appeals of Texas. Dallas. Dec. 1, 1917. Rehearing Denied Jan. 5, 1918.)

1. TIME ⬤⇒8—"DAY."
    As a general rule, the term "day," as used in legislative enactments, or in contracts, means the whole 24 hours, that is, from midnight to midnight; particularly in reference to official services except where it is in some way restricted or limited.
    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Day.]

2. PRISONS ⬤⇒18(3)—CHARGE OF SHERIFF FOR PRISONERS—STATUTE—"DAY."
    Under Acts 32d Leg. c. 64, allowing the sheriff for each prisoner for each day such amount as may be fixed by the commissioners' court, if reasonably sufficient as compensation, not less than 40 cents per day for each prisoner, nor more than 50 cents, the term "day" means days and fractions thereof, so that the sheriff is entitled to full compensation for a prisoner under his contract with the commissioners' court, though the prisoner is in custody only a part of a day.

Appeal from District Court, Dallas County; T. A. Werk, Judge.

Suit by W. K. Reynolds against Dallas County. From a judgment for plaintiff, defendant appeals. Judgment affirmed.

John W. Pope, of Dallas, for appellant. Albert Walker, of Dallas, for appellee.

RAINEY, C. J. Appellee, W. K. Reynolds, sheriff of Dallas county, sued said county for $591.40, for services rendered, for safe-keeping, support, and maintenance of prisoners confined in the county jail, as provided by the terms of chapter 64, Acts of the Thirty-Second Legislature, p. 107, allowing the sheriff the following charges:

"To each prisoner for each day such amount as may be fixed by the commissioners' court, provided the same shall be reasonably sufficient as compensation for such service, and in no event shall it be less than forty cents per day for each prisoner, nor more than fifty cents for each prisoner per day."

The commissioners' court fixed the amount for such services at 40 cents per day. The county denied owing anything, but claimed that it had paid the sheriff in full for his services, and that the sheriff's claim was for fractions of days for which it was not indebted to said sheriff. A trial was had, and judgment was rendered for the sheriff, from which the county appeals.

There is no controversy as to the facts, but the issue arises over the proper construction of the law as above quoted. The sheriff contends that when a prisoner is placed in jail he is entitled to a full day's pay, whether or not he stays for the full 24 hours, or for only a part of a day; while the county contends that if the prisoner stays in jail only a part of a day, that is, less than 24 hours, the sheriff is only entitled to receive pay for said fractional part of said day. So the question arises whether or not the term "day" as used in the statute covers the full 24 hours, or is divisible into fractions of the day for the purpose of computing the time to control the pay for services of the sheriff when a prisoner is kept for part of a day.

It appears that the charges made by the sheriff were for prisoners that had been in his actual custody, and he is seeking pay for the full period of days while in his custody, while the county has paid him for a full day for each prisoner so kept, but is resisting payment for those who were kept by said sheriff for less than 24 hours. The county auditor, on January 1, 1916, required a record to be kept showing the time when prisoners were incarcerated in the jail and when they were discharged, and record has been kept since that time. There was on an average of from 150 to 175 prisoners received and discharged every month, and the sheriff had to employ an extra person as jailer, to whom he paid $150 per month, who testified, in effect, that in addition to his other duties he kept the jail record and frequently sat up until after 10 o'clock at night making entries of the time prisoners were received and when discharged, which task was very burdensome and inconvenient.

[1, 2] As a general rule the term "day," as used in legislative enactments or in contracts, means the whole 24 hours, that is, from midnight to midnight; especially is this the rule in reference to official services, except where it is in some way restricted or limited. O'Connor v. Towns, 1 Tex. 107; Speer v. State, 2 Tex. App. 246; Haines v. State, 7 Tex. App. 30; Janks v. State, 29 Tex. App. 233, 15 S. W. 815; Linhart v. State, 33 Tex. Cr. R. 507, 27 S. W. 260; Muckenfuss v. State, 55 Tex. Cr. R. 229, 116 S. W. 51, 20 L. R. A. (N. S.) 783, 31 Am. St. Rep. 813, 16 Ann. Cas. 768; Jones v. State, 32 Tex. Cr. R. 534, 25 S. W. 124; Denver v. Pearce, 13 Colo. 388, 22 Pac. 774, 6 L. R. A. 541; Miner v. Goodyear Co., 62 Conn. 410, 26 Atl. 643; In re Senate Res., 9 Colo. 628, 21 Pac. 475; Cosgriff v. Commissioners, 151 Cal. 407, 91 Pac. 98; 13 Cyc. 263; 38 Cyc. 314, § 6. Many more authorities might be cited from other states, but we deem it unnecessary to do so.

In Speer v. State, supra, the court in its opinion says:

"We know no rule of law or legal mode of computing time by which we would be warranted in holding that parts of two days make a day."

In O'Connor v. Towns, supra, the court quotes from Lester v. Garland, 15 Ves. 246, as follows:

"Our law rejects the fractions of a day more generally than the civil law does. The effect is to render the day a sort of indivisible point, so that any act done in that compass of it, is not referable to any one rather than to every other portion of it, but the act and the day are coextensive, and therefore cannot be properly said to be passed until the day is passed."

In Janks v. State, supra, the court said:

"The word 'day,' as used in article 178 of the Penal Code, includes the time elapsing from 12 o'clock midnight to the succeeding one," etc.

In Linhart v. State, supra, the court, in discussing the time when a person becomes of age, used the following language:

"It is to be observed that a person becomes of age on the first instant of the last day of the twenty-first year next before the anniversary of his birth. Thus, if a person were born at any hour of the 1st day of January, A. D. 1801 (even a few moments before 12 o'clock at night of that day), he would be of full age at the first instant of the 31st of December, 1821, although nearly forty-eight hours before he had actually attained the full age of twenty-one, according to years, days, hours and minutes, because there is not in law, in this respect, any fraction of a day, and it is the same whether a thing is done upon one moment of a day or another."

Judge Davidson, in his opinion in the case of Muckenfuss v. State, supra, discussed the meaning of the word "days" in a Texas statute. In that case the opinion turned on the meaning of the word "day" in article 302, Penal Code of Texas, which inhibits, under certain conditions, certain public amusements on Sunday. In this decision Judge Davidson said:

" 'Sunday' as used in this statute, means the entire day; that is, from midnight Saturday night until midnight Sunday. It includes twenty-four hours. Such has been the construction of 'day' in all the decisions of this state where simply a 'day' is mentioned. * * * It is unnecessary to cite authorities, we think, in Texas to sustain these positions."

In Miner v. Goodyear, etc., supra, the court also construed the meaning of the word "day" as same was used in a statute. In that opinion the court used this language:

"The current of authorities is substantially unvarying to the effect that when the word 'day' is used in a statute or in a contract, it will, unless it is in some way restricted, be held to mean the whole twenty-four hours."

A part of the text in Cyc. vol. 13, p. 263, cited above, is:

"As used in a statute or in a contract, twenty-four hours and not merely the day as popularly understood from sunrise to sunset, or during the time the light of the sun is visible."

A part of the text in Cyc. vol. 38, p. 314, and in section 6, under the title 'Day,' is:

"It may be stated generally that in the computation of a period of time measured in days and in the construction of the word 'day' as used in a contract or statute, the law adopts as the unit of measurement the period of twenty-four hours extending from midnight to midnight."

In Smith v. Commissioners, 10 Colo. 17, 13 Pac. 917, in construing the statute reading as follows: "For the time necessarily spent in the discharge of his duty he shall receive $5.00 per day," etc., the court said:

"In this connection counsel for the appellee asks for an opinion 'as to what length of time will constitute a day's service for the superintendent.' We answer, the law does not recognize fractions of days; and when it provides a per diem compensation for the time necessarily devoted to the duties of an office, the officer is entitled to this daily compensation for each day on which it becomes necessary for him to perform any substantial official service, if he does perform the same, regardless of the time occupied in its performance."

On account of necessity and for public convenience and in order to avoid disputes, the law rejects fractional parts of a day. Long's Appeal, 23 Pa. 297; Miner v. Goodyear, etc., 62 Conn. 410, 26 Atl. 643; Cosgriff v. Commissioners, 151 Cal. 407, 91 Pac. 98.

In Long's Appeal, supra, the court said:

"It is a principle of the common law that in judicial and other public proceedings there are no fractions of a day, and that all transactions of the same day are, in general, regarded as occurring at the same instant of time. This principle has been established from necessity and from a regard to public convenience."

A part of the language used by the court in Cosgriff v. Commissioners, supra, is:

"The fractions of the days are no more taken into consideration than are the fractions of the seconds. The consequence is that every day and every part of that day is, by this rule, one day before every part of the succeeding day. The last moment of any day is, in contemplation of law in such cases, one day before the first moment of the next day, although the elapsed time is infinitesimal. The rule is strictly one of convenience. Any other method of computation would require an accurate account to be kept of the exact hour, minute, and second of the occurrence of the act to be timed, and would produce endless confusion and strife, and would prove impolitic, if not wholly impracticable."

It is contended by appellant that to construe a "day" as used in the statute to mean the time from midnight to midnight would, in many cases, work an injustice. In reply it might justly be said that in many ways it might work an injustice to the sheriff to construe the statute as contended for by appellant.

It seems that in the instant case the county auditor required that a record be kept of the fractional part of the day, when only a part of a day was consumed in keeping a prisoner, in some instances to the hour, allowing the sheriff only 1⅔ cents per hour. By this method it might arise that if a prisoner was received in the morning, say at 7 o'clock, and discharged at 2 o'clock the same day, after two meals were given, and all the trouble engendered for receiving, keeping, and discharging him, the sheriff would only receive about 12 cents, which would in no respect begin to compensate him for his trouble in keeping, supporting, and maintaining him. When the contract was made for the pay of the sheriff for such services, there was nothing said about a division of a day's time, and our decisions holding that when a day is so expressed it is to be construed to mean the time elapsing between midnight and midnight, we will so construe it, especially so when the county commissioners had the opportunity to limit it in the contract with the sheriff and failed to do so.

Bearing on the question at issue appellant cites one authority, that of Pressley v. Marion County Commissioners, 80 Ind. 45, where the court, passing on a statute which used the following language: "For boarding each prisoner * * * in his charge, per day, 60 cents"—the sheriff contending that he should be allowed something for his trouble in safe-keeping and caring for the prisoners, said that the law of Indiana did not allow the sheriff anything for his services in safe-keeping and caring for prisoners, but only allowed compensation for feeding prisoners; hence nothing was allowed. That is a different case from the instant one, and we do not think in view of the other decisions it should prevail in this case. A ruling of the Attorney General of this state, in construing our statute on this point, is cited by appellant, which holds contrary to the views here expressed, but we do not concur in his views, and believe them contrary to the weight of authority. Therefore we conclude that the holding of the lower court is correct, and its judgment is affirmed.

Affirmed.