

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

June 6, 1962

Honorable Henry Wade     Opinion No. WW-1352
District Attorney
Dallas County            Re: Whether it is necessary for a
Dallas, Texas                prisoner who receives a three-
                             day jail sentence to serve a
Dear Mr. Wade:               full 72 hours.

        In your request for an opinion you ask the follow-
ing questions:

        "Is it necessary for a prisoner who
    receives a 3-day jail sentence to serve a
    full 72 hours, or is the time computed by
    days alone; that is, is each part of a
    day served to be considered a full day?"

        One of the cardinal rules of statutory construction
is that words employed by the Legislature are to be taken
in their ordinary and popular acceptance, unless technical
terms are used, or unless it clearly appears from the con-
text that the words used were not intended to be understood
in their ordinary and popular significance. We have found
ample authority for the proposition that the use of the word
"day" in a statute should be considered in its ordinary
sense as a "calendar day". Booker v. Chief Engineer of Fire
Department of Woburn, 324 Mass. 264, 85 N.E.2d 766 (1949);
Long v. City of Wichita Falls, 142 Tex. 202, 176 S.W.2d 936
(1944); Jones v. State, 25 S.W. 124 (Tex.Crim. 1893); Speer
v. State, 2 Tex.App. 30.

        In Dallas County v. Reynolds, 199 S.W. 702 (1918)the
court quotes the Speer case:

        "We know no rule of law or legal mode
    of computing time by which we would be
    warranted in holding that parts of two
    days make a day."

        The Court in the Reynolds case, also quoted with
approval the following language from Cosgriff v. Commissioners,
151 Cal. 407, 91 Pac. 98 (1907):

"The fractions of the days are no more taken into consideration than are fractions of the seconds. The consequence is that every day and every part of that day is, by the rule, one day before every part of the succeeding day. The last moment of any day is, in contemplation of law in such cases, one day before the first moment of the next day, although the elapsed time is infinitesimal . . . ."

Therefore, it is our opinion that the word "days" was not intended to be taken in its restrictive or technical sense; that such word was intended to denote a calendar day and a day as a unit of time, not an aggregation of a certain number of hours, minutes, or seconds. This opinion is in accordance with Attorney General's Opinion No. WW-1204.

## S U M M A R Y

It is not necessary for a prisoner who receives a 3-day jail sentence to serve a full 72 hours, since each part of a day served is considered a complete day.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Charles R. Lind
Charles R. Lind
Assistant Attorney General

CRL:sh

APPROVED:
OPINION COMMITTEE:
W. V. Geppert, Chairman
Riley Eugene Fletcher
Elmer McVey
Frank Booth

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore