

# THE ATTORNEY GENERAL.

## OF TEXAS

### AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

March 14, 1966

Honorable Crawford Parker, Jr.          Opinion No. C-639
County Attorney
Panola County                           Re: What the words "each day"
Carthage, Texas                             mean as used in Article
                                            26.05, Sec. 1(a) of the
                                            new Texas Code of Crimi-
Dear Sir:                                   nal Procedure.

        In your opinion request you ask for our interpretation
of "each day" as such term is used in Article 26.05, Section
1(a), 1966 Code of Criminal Procedure, which provides:

        "For each day in trial court representing
        the accused, a fee of not less than $25.00
        nor more than $50.00."

        You state that the Commissioners' Court in Panola
County, and other commissioners courts in that area of Texas,
construe "a day" to mean sixteen hours. Thus, it is implied,
if a court appointed attorney spends four hours in court rep-
resenting his client, he would be entitled to four-sixteenths,
or one-fourth of the compensation as set forth in Article
26.05.

        In Dallas County v. Reynolds, 199 S.W. 702 (Tex.Civ.
App. 1918, no writ history), the Court construed Chapter 64,
Acts of the 32nd Legislature, page 107, which provided:

        "To each prisoner for each day such amount
        as may be fixed by the commissioners' court,
        provided the same shall be reasonably suffi-
        cient as compensation for such service, and in
        no event shall it be less than forty cents per
        day for each prisoner, nor more than fifty
        cents for each prisoner per day." (Emphasis
        added.)

        In that case there was no controversy as to the facts.
The Court said:

        "It seems that in the instant case the
        county auditor required that a record be kept

of the fractional part of the day, when only
a part of a day was consumed in keeping a
prisoner, in some instances to the hour, al-
lowing the sheriff only 1-2/3 cents per hour.
By this method it might arise that if a pris-
oner was received in the morning, say at 7
o'clock, and discharged at 2 o'clock the same
day, after two meals were given, and all the
trouble engendered for receiving, keeping,
and discharging him, the sheriff would only
receive about 12 cents, which would in no
respect begin to compensate him for his trou-
ble in keeping, supporting, and maintaining
him. When the contract was made for the pay
of the sheriff for such services, there was
nothing said about a division of a day's time,
and our decisions holding that when a day is
so expressed it is to be construed to mean
the time elapsing between midnight and mid-
night, we will so construe it. . . ."

The effect of this holding is that the term "day" in
the statute meant day or fraction thereof, and the holding
was that the sheriff was entitled to full compensation for
the maintenance of a prisoner even though the prisoner was
in custody only a part of a day.

It is the opinion of this office that a court appointed
attorney, entitled to receive compensation under the provisions
of Article 26.05, is entitled to the fees listed therein, re-
gardless of the fact that his appearance may have been only
for a portion of a day.

You are further advised that it is the opinion of this
office that said attorney is entitled to said compensation
for each day in trial court representing the accused, whether
for the purpose of arraignment, answering docket call, for
purposes of trial or for any other appearance in trial court
representing the accused.

Your attention is invited to Article 26.05, Section
4 which provides:

"An attorney may not receive more than one
fee for each day in court, regardless of the
number of cases in which he appears as ap-
pointed counsel on the same day."

This office has previously held that this provision limits the compensation which an attorney may receive to one appearance in court on one day, regardless of the number of defendants which he may represent during this one day period.

The Reynolds case further states:

"As a general rule the term 'day,' as used in legislative enactments or in contracts, means the whole 24 hours, that is, from midnight to midnight; especially is this the rule in reference to official services, except where it is in some way restricted or limited. O' Connor v. Towns, 1 Tex.107; Speer v. State, 2 Tex.App. 246; Haines v. State, 7 Tex.App. 30; Janks v. State, 29 Tex.App. 233, 15 S.W. 815; Linhart v. State, 33 Tex.Cr.R. 507, 27 S.W. 260; Muckenfuss v. State, 55 Tex.Cr.R. 229, 116 S.W. 51, 20 L.R.A. (N.S.) 783, 31 Am.St. Rep. 813, 16 Ann. Cas. 768; Jones v. State, 32 Tex.Cr.R. 534, 25 S.W. 124; Denver v. Pearce, 13 Colo. 388, 22 Pac. 774, 6 L.R.A. 541; Miner v. Goodyear Co., 62 Conn. 410, 26 Atl. 643; In re Senate Res., 9 Colo. 628, 21 Pac. 475; Cosgriff v. Commissioners, 151 Cal. 407, 91 Pac. 98; 13 Cyc. 263; 38 Cyc. 314, § 6. Many more authorities might be cited from other states, but we deem it unnecessary to do so.

"In Speer v. State, supra, the court in its opinion says:

"'We know no rule of law or legal mode of computing time by which we would be warranted in holding that parts of two days make a day.'

"In O'Connor v. Towns, supra, the court quotes from Lester v. Garland, 15 Ves. 246, as follows:

"'Our law rejects the fractions of a day more generally than the civil law does. The effect is to render the day a sort of indivisible point, so that any act done in that compass of it, is not referable to any one

rather than to every other portion of it, but the act and the day are coextensive, and therefore cannot be properly said to be passed until the day is passed.'

"In Janks v. State, supra, the court said:

"'The word "day," as used in article 178 of the Penal Code, includes the time elapsing from 12 o'clock midnight to the succeeding one,'

"In Linhart v. State, supra, the court, in discussing the time when a person becomes of age, used the following language:

"'It is to be observed that a person becomes of age on the first instant of the last day of the twenty-first year next before the anniversary of his birth. Thus, if a person were born at any hour of the 1st day of January, A.D. 1801 (even a few moments before 12 o'clock at night of that day), he would be of full age at the first instant of the 31st of December, 1821, although nearly forty-eight hours before he had actually attained the full age of twenty-one, according to years, days, hours and minutes, because there is not in law, in this respect, any fraction of a day, and it is the same whether a thing is done upon one moment of a day or another.'

"Judge Davidson, in his opinion in the case of Muckenfuss v. State, supra, discussed the meaning of the word 'days' in a Texas statute. In that case the opinion turned on the meaning of the word 'day' in article 302, Penal Code of Texas, which inhibits, under certain conditions, certain public amusements on Sunday. In this decision Judge Davidson said:

"'"Sunday" as used in this statute, means the entire day; that is, from midnight Saturday night until midnight Sunday. It includes twenty-four hours. Such has been the construction of "day" in all the decisions of

this state where simply a "day" is men-
tioned. * * * It is unnecessary to cite au-
thorities, we think, in Texas to sustain
these positions.'

"In Miner v. Goodyear, etc., supra, the
court also construed the meaning of the word
'day' as same was used in a statute. In that
opinion the court used this language:

"'The current of authorities is substan-
tially unvarying to the effect that when the
word "day" is used in a statute or in a con-
tract, it will, unless it is in some way
restricted, be held to mean the whole twenty-
four hours.'

"A part of the text in Cyc. vol. 13 p.
263, cited above, is:

"'As used in a statute or in a contract,
twenty-four hours and not merely the day as
popularly understood from sunrise to sunset,
or during the time the light of the sun is
visible.'

"A part of the text in Cyc. vol. 38, p.
314, and in section 6, under the title
'Day,' is:

"'It may be stated generally that in the
computation of a period of time measured in
days and in the construction of the word
"day" as used in a contract or statute, the
law adopts as the unit of measurement the
period of twenty-four hours extending from
midnight to midnight.'

"In Smith v. Commissioners, 10 Colo. 17,
13 Pac. 917, in construing the statute read-
ing as follows: 'For the time necessarily
spent in the discharge of his duty he shall
receive $5.00 per day,' etc., the court said:

"'In this connection counsel for the ap-
pellee asks for an opinion "as to what length
of time will constitute a day's service for
the superintendent." We answer, the law does

not recognize fractions of days; and when it provides a per diem compensation for the time necessarily devoted to the duties of an office, the officer is entitled to this daily compensation for each day on which it becomes necessary for him to perform any substantial official service, if he does perform the same, regardless of the time occupied in its performance.'

"On account of necessity and for public convenience and in order to avoid disputes, the law rejects fractional parts of a day. Long's Appeal, 23 Pa. 297; Miner v. Goodyear, etc., 62 Conn. 410, 26 Atl. 643; Cosgriff v. Commissioners, 151 Cal. 407, 91 Pac. 98.

"In Long's Appeal supra, the court said:

"'It is a principle of the common law that in judicial and other public proceedings there are no fractions of a day, and that all transactions of the same day are, in general, regarded as occurring at the same instant of time. This principle has been established from necessity and from a regard to public convenience.'

"A part of the language used by the court in Cosgriff v. Commissioners, supra, is:

"'The fractions of the days are no more taken into consideration than are the fractions of the seconds. The consequence is that every day and every part of that day is, by this rule, one day before every part of the succeeding day. The last moment of any day is, in contemplation of law in such cases, one day before the first moment of the next day, although the elapsed time is infinitesimal. The rule is strictly one of convenience. Any other method of computation would require an accurate account to be kept of the exact hour, minute, and second of the occurrence of the act to be timed, and would produce endless confusion and strife, and

would prove impolitic, if not wholly impracticable.'

"It is contended by appellant that to construe a 'day' as used in the statute to mean the time from midnight to midnight would, in many cases, work an injustice. In reply it might justly be said that in many ways it might work an injustice to the sheriff to construe the statute as contended for by appellant."

The Reynolds case was cited with approval in Tipton v. Tipton, 140 S.W.2d 865 (Tex.Civ.App. 1940, error dism., judm. cor.); cf. Long v. City of Wichita Falls, 176 S.W.2d 936 (Tex.Sup. 1944).

It is our opinion, therefore, that a day consists of the twenty-four hour period from midnight to midnight. An appearance at 2:30 p.m. in trial court on one calendar day of the month and an appearance on the following calendar day at 11:00 a.m. would constitute an appearance on two separate days and the attorney would be entitled to receive compensation for both days.

## SUMMARY

An attorney, when entitled to be compensated in accordance with Article 26.05, 1966 Code of Criminal Procedure, is entitled to this compensation regardless of whether he appears in trial court for a full day or a fractional part thereof. Further, he is entitled to this compensation for each appearance in trial court when representing his client. If such attorney represents more than one defendant on the same day, he is entitled to compensation only once on that day. A day is the twenty-four hour period from midnight to midnight.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By: Robert E Owen

ROBERT E. OWEN
Assistant Attorney General

REO/pw/br

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Howard M. Fender
Charles B. Swanner
Phillip Crawford
H. Grady Chandler

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright