[No. A041551. First Dist., Div. Three. May 10, 1988.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
LEROY V. FINCH, Real Party in Interest.

COUNSEL

Arlo Smith, District Attorney, and Mercedes U. Moreno, Assistant District Attorney, for Petitioner.

No appearance for Respondent.

Mary Ann Bannan-Haines for Real Party in Interest.

OPINION

WHITE, P. J.—The People of the State of California, represented by the San Francisco District Attorney, challenge a trial court ruling dismissing a petition for a 180-day civil commitment pursuant to Welfare and Institu-

tions Code section 5300. The court found that the petition was untimely because filed one day late. We conclude that the remedy for an untimely petition is not dismissal of the petition, but release of the person committed, and that in any case, the petition was not untimely.

The Lanterman-Petris-Short Act, Welfare and Institutions Code section 5000 et seq., provides procedures for evaluation and treatment of persons with serious mental disorders and those developmentally disabled or impaired by chronic alcoholism (Welf. & Inst. Code, § 5001, subd. (a).)[1] Dangerous or gravely disabled persons may be taken into custody for 72-hour treatment (§ 5150), detained for treatment for an additional 14 days (§ 5256.6), and confined for an additional 180 days (§ 5300), if the proper procedures are followed and proper findings are made.

On February 8, 1988, real party in interest Leroy V. Finch was taken into custody for 72-hour treatment based on allegations that he had threatened his social worker/therapist with serious violence and appeared able and likely to carry out his threats. On February 11, 1988, he was given notice of detention for an additional 14 days of treatment in the psychiatric ward of San Francisco General Hospital. On February 25, 1988, the district attorney filed a petition for 180-day commitment of Mr. Finch, supported by the affidavits of his social worker and of Dr. Howard Rosenbaum. Dr. Rosenbaum described Mr. Finch's psychiatric history, his present delusional state, and his potential for violence. He recommended further psychiatric treatment.

On the same day, counsel for Mr. Finch moved for judgment on the pleadings in the commitment proceeding, arguing that the petition was filed one day late. After hearing, the court granted the motion. It then granted the district attorney's request for a short stay to permit petitioning this court for relief. This petition followed. At petitioner's request we issued a stay of the dismissal order pending our determination of the petition. Under the impression that we had also stayed proceedings on the district attorney's petition below, the trial court suspended those proceedings. We now issue the writ, ordering the lower court to reinstate the dismissed proceedings.

 Stated succinctly, the key issues presented by the parties are (1) whether 14 days are counted by the usual counting method prescribed by Code of Civil Procedure section 12, or instead counted as a court would in awarding custody credits to a criminal defendant, and (2) what remedy applies to a late petition. In the former mode of counting, the per-

[1] Unless otherwise indicated, all further statutory references are to the Welfare and Institutions Code.

son counting excludes the first day and includes the last day of the period. In the latter mode of counting, the defendant receives full credit for each calendar day of custody regardless of how many of the 24 hours in that day were spent in jail or prison.

Section 5150 permits a properly authorized person to take a dangerous or gravely disabled person into custody for "72-hour treatment and evaluation." Section 5151 explains that the period may not exceed 72 hours, but that "Saturdays, Sundays, and holidays may be excluded from the 72-hour period" if the facility has a current certificate from the Department of Mental Health that evaluation and treatment services cannot reasonably be made available on those days.

Section 5250 provides that a person, who has been detained for 72 hours and has received an evaluation, may be certified for "not more than 14 days of intensive treatment related to the mental disorder or impairment by chronic alcoholism" if the proper conditions exist. The certification procedure requires notice be given the committed person (§ 5252), that a hearing be held (§ 5254), and that the person be afforded an attorney or patient advocate (§§ 5255, 5256.4) to assist at the hearing and in preparation for the hearing. If the proper findings are made, the persons "may be detained for involuntary care, protection, and treatment related to the mental disorder or impairment by chronic alcoholism for 14 *additional days beyond the end of the initial 72-hour detention period*." (§ 5256.6, italics added.)

Section 5257 provides that "[p]ersons who have been certified for 14 days of intensive treatment, and who are not sooner released, shall not be involuntarily detained beyond 14 days" unless one of three exceptions applies. The exception applicable here is for "[p]ersons to whom Article 6 (commencing with Section 5300) is applicable." (*Id.,* subd. (a).) Section 5300 provides that "[a]t *the expiration of the 14-day period of intensive treatment,* a person may be confined for further treatment pursuant to the provisions of this article for an additional period, not to exceed 180 days" if the appropriate conditions exist (italics added). The filing of a petition for an additional 180-day commitment is governed by section 5301: "At any time during the 14-day intensive treatment period the professional person in charge of the licensed health facility, or his or her designee, may ask the public officer . . . to petition the superior court . . . for an order requiring such person to undergo an additional period of treatment on the grounds set forth in Section 5300. . . ." The code does not specify a time for filing this petition, but it requires that (unless a jury is requested) the court conduct the proceedings on the petition within four judicial days of the filing. (§ 5303.) Treatment continues until the trial court has made a final decision on the

merits unless the petition is withdrawn or a decision is not rendered within 30 days. (*Ibid.*)

■ The district attorney argues that these statutes require that the petition for an additional 180-day commitment be filed at the "expiration" of the 14-day period, not prior to the expiration date and that to file earlier would deprive the committed person of at least part of the 14-day period of treatment. Mr. Finch argues, however, that if allowed to file after the 14-day period has expired, the district attorney may delay proceedings even further and cause additional confinement without court authorization. Mr. Finch suggests that the district attorney has a practice of delaying the filing of petitions for 180-day commitment and has delayed some petitions as long as 6 weeks after the 14-day period expired.

Mr. Finch points to a prior version of section 5301, which provided that "[a]t any time *during* the 14-day intensive treatment period the professional person in charge of the facility, or his designee, may petition the superior court . . . for an order requiring such person to undergo an additional period of treatment . . . ." (Stats. 1968, ch. 1374, § 42, p. 2656, italics added.) He argues that this language was inadvertently omitted from the current statutes and should be supplied by this court. He cites no evidence to support his assertion that omission of the quoted language was inadvertent.

Comparing the current version of section 5301 with the version quoted above, it appears that instead of requiring the mental health professional to petition for a further period, the Legislature has now shifted the burden of petitioning to the appropriate public attorney. "During" the 14-day period, the health professional now may ask the public officer to petition the court. (§ 5301.) The statutes do not say when the public officer must file the petition.

Mr. Finch asks us to read the statute as requiring that the petition be filed during the 14-day period. He says that unless a petition is filed during that period the statute prohibits detention beyond the 14 days. We agree in part with his position. It is clear from the statutory scheme that at the expiration of the 14-day period a committed person in Mr. Finch's situation is entitled to be released unless the conditions specified in section 5300 exist. (§ 5257.) Implicitly, not only must those conditions exist, but there must be on file a petition seeking a determination that the person falls within the standard set forth in section 5300. (§ 5301.) Without such a petition, the time limits for conducting proceedings (§ 5303) and for deciding the merits of the petition (*ibid.*) would not come into effect. These time limits, designed to protect the committed person from unjustified restraint, would be meaningless if the

committed person could be held for an additional period between expiration of the 14-day period and the filing of a petition and if the public officer were in sole control of when to file the petition.

■ Although we agree with part of Mr. Finch's argument, we part company with him and with the trial court when they conclude that timely filing of a petition for extended commitment is a jurisdictional requirement and that late filing justifies dismissal of the petition. We see no legal impediment to late filing of the petition as long as the committed person has a right to be released at the expiration of the 14-day period. Nothing in the statutory scheme suggests that a petition must be dismissed if not timely filed, just as no provision of the code defines a timely petition. The statutes focus attention on detention and release of the committed person, not on continuation or dismissal of the legal proceedings. The trial court erred in ordering dismissal as a remedy.

■ We conclude that the trial court also erred in counting the 14 days. Mr. Finch's 72-hour commitment began at some time on February 8. It therefore expired at the same time on February 11. Fourteen additional days beyond the end of the initial 72-hour detention period (§ 5256.6) would expire on February 25 if the usual method of counting is employed. (Code Civ. Proc., § 12.) Under Mr. Finch's proposal to grant a day of credit for each calendar day or partial calendar day in confinement the period would end on February 24.

We conclude that the Legislature intended that Code of Civil Procedure section 12's method of counting be used. As we explained in *People* v. *Harvey* (1987) 193 Cal.App.3d 767, 772-773 [238 Cal.Rptr. 516], "[i]n computing time, the first day is excluded and the last is included. (Gov. Code, § 6800; Code Civ. Proc., § 12.) Whether one counts forward to a date or backward from a date, the method of counting remains the same. The Supreme Court established this principle over 100 years ago in *Misch* v. *Mayhew* (1876) 51 Cal. 514. . . . [¶] 'A day is the period of time between any midnight and the midnight following.' (Gov. Code, § 6806.) In computing days, fractions are not counted but are deemed entire days." Absent a legislative statement to the contrary, this long-established method of counting days applies.

Applying this method here, the 72-hour period expired on February 11. The hour it expired is not important because fractions are deemed entire days. However, in counting 14 days, the first day, February 11, is excluded and the 14th day, February 25, is included. Thus, Mr. Finch's 14-day intensive treatment period expired at the end of the day on February 25, the day the petition was filed. The petition was timely.

In accordance with the foregoing discussion, we conclude that the trial court erred in granting judgment on the pleadings and in dismissing the petition. We issue a writ of mandate to order the petition reinstated. Time for trial and decision on the petition (§ 5303) will begin to run upon finality of our decision, but if the petition is sustained, Mr. Finch's period of potential confinement will be measured from expiration of the 14-day period on February 25, 1988.

We issue a peremptory writ of mandate in the first instance. We have advised the parties that we might so act and we have received comprehensive briefing. Further delay should be avoided. (Code Civ. Proc., § 1088; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing the San Francisco County Superior Court to vacate its order dismissing the petition and to reinstate the petition. In order to minimize further delay in the proceedings below, this decision shall be final with this court five court days after its filing. (California Rules of Court, rule 24(d).)

Barry-Deal, J., and Merrill, J., concurred.