CHIEF JUSTICE LINDSAY
delivered the opinion of the court.
As the object of this action is to sell estate devised to Clarissa Handley and others, she has the right, without first calling upon the administrator of the testator’s estate to act, to demand that the claim shall be purged of usurious interest; and she may make this defense without showing that she has qualified as guardian for her co-devisees, as required by Handley’s will. That is a question between her and her wards, with which the appellees have nothing to do.
The notes were executed on the 1st day of September, 1871. They were intended' to secure the payment of ten per centum interest upon the amount loaned by Cunningham to Handley. *403 .The act authorizing contracts for the payment of interest at that rate provides by the 8th section as follows: “This act shall take effect and be in force from and after the first day of September, 1871.”
It was not in force on the first day of September, 1871. The words “from” and “after” are used in direct connection, and they fix the day named as a point or period of time after which the rule of action prescribed by the act is to prevail. If the intention had been to include the first day of September the language would have been “ on and after ” that day, etc.
. The rule in regard to the computation of time is that when the computation is to be made from an act done, the day in which the act was done must be included; but when the computation is to be from the day itself, and not from the act done, then the day in which the act was done must be excluded. (Chiles v. Smith’s heirs, 13 B. Monroe, 460; Batman v. McGowan, 1 Met. 548; White v. Crutcher, 1 Bush, 473.)
The reasoning of these decisions applies to the question under consideration, and seems to be conclusive of the proposition. The act is to be in force from and after a named day, and not from and after the happening of an.event, or the performance of an act. Hence the day must be excluded from the operation of the act.
Judgment reversed, and cause remanded, with instructions to allow the appellees interest at the rate of six per centum per annum from the first day of September, 1871, and this will be done by treating each note intended to secure the payment of accruing interest as a note for $60 instead of $100.