Union Central Life Insurance Company v. Sallie I. Wilkes.

No. 758. Decided February 23, 1899.

**1. Life Insurance—Contract Construed—Default in Payment—Conversion Into Paid Up Term Policy.**

A life insurance policy provided that the contract should, "in case of default for nonpayment of premium after three years  *  *  *  and provided the insured has paid at maturity all notes given for premium," become a paid up term policy for such time as one annual premium was contained in its reserve value. Held, that default in the payment of the sixth annual premium at the time that a note given for the fifth was overdue and unpaid did not have the effect to convert it into such paid up term policy. (Pp. 469-472.)

**2. Same.**

The words "all notes given for premiums" could not be construed to refer only to those given for the premiums of the first three years. (P. 471.)

**3. Same—Premium Note—Payment—Waiver—Consideration.**

The subsequent acceptance by the company of payment of the note given for the fifth annual premium did not have the effect to waive any right growing out of the failure of the insured to pay such note at maturity; the note was supported by a valid consideration,—the continuance of the policy in force till its maturity,—the insured was liable to pay it, and the company, having a right to enforce payment, waived no rights by accepting it. (P. 472.)

Error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

The insurance company obtained writ of error upon a judgment of the Court of Civil Appeals affirming a judgment recovered against it in the District Court by Sallie I. Wilkes upon a policy of insurance upon the life of her husband.

*Boynton & Boynton*, for plaintiff in error.—The judgment of the court is contrary to the law and the evidence, because the uncontradicted evidence shows that the policy sued on was forfeited and had lapsed prior to the death of the insured for failure to pay an outstanding note given for a premium on said policy upon the maturing of said note. Laughlin v. Life Assn., 28 S. W. Rep., 411; Insurance Co. v. Chowning, 28 S. W. Rep., 117; Thompson v. Insurance Co., 104 U. S., 252; 2 Joyce on Ins., secs. 1204-1205; Bacon on Ins., secs. 371-373; Holly v. Ins. Co., 105 N. Y., 437; Insurance Co. v. Glass, 11 So. Rep., 671; Insurance Co. v. Daly, 33 Kan., 601; Shakey v. Insurance Co., 44 Iowa, 540.

The judgment of the court was contrary to the law and the evidence, because the uncontradicted evidence shows that at no time when, by

the terms of said policy, the same would become a term policy, by reason of default in the payment of the premium, were the facts such as to constitute said policy a term policy, under the provisions of the contract; there being at all such times a past due note unpaid and outstanding which had been given for a premium.

The right to consider this policy a term policy is one of contract, and the right could only arise at the periods and under the conditions stated in the terms of the contract, and such conditions are binding upon the parties claiming under the contract. Roehner v. Insurance Co., 63 N. Y., 160; Thompson v. Insurance Co., 104 U. S., 252; Beadle v. Insurance Co., 3 Hill (N. Y.), 161; Insurance Co. v. Bachelder, 32 Neb., 490.

*M. C. H. Park*, for defendant in error.—On December 30, 1894, the policy sued upon became a paid-up term policy, to run for three years and forty days from said 30th of December, 1894, without the payment of any premium or liable to any conditions concerning such payment.

Upon the failure of the insured, W. H. Wilkes, to pay the premium due on December 30, 1894, this appellant, the beneficiary named in said policy, had a vested interest in the paid-up term insurance for three years and forty days, which interest could not be divested by the insured, W. H. Wilkes. Irwin v. Insurance Co., 39 S. W. Rep., 1097; Insurance Co. v. Ireland, 17 S. W. Rep., 617; Griffith v. Insurance Co., 101 Cal., 627.

GAINES, CHIEF JUSTICE.—This suit was brought by the defendant in error against the plaintiff in error to recover upon a policy upon the life of her husband, taken out by him and made payable to her upon his death. The policy was dated December 26, 1889. She obtained a judgment in the trial court, which was affirmed upon appeal.

The Court of Civil Appeals find the facts as follows: "The policy declared on was introduced in evidence. It was issued on the date alleged, and reads in part: 'The Union Central Life Insurance Company, * * * * in consideration of the statement made in the application for this policy * * * and of the annual payment of the sum of $96.91 at the home office of the company, on or before the 30th day of December, at noon in every year, during the term of ten years from date hereof, and of the payment when due of any and all notes given for premiums or parts of same, does insure the life of William H. Wilkes * * * in the amount of one thousand dollars, with participation in profits for the term of his natural life. Upon the death of the insured, the company agrees to pay said amount of insurance to Sallie I. Wilkes, his wife, * * * within sixty days after receipt of notice and satisfactory proof of death, the balance of the year's premium, if any, and all indebtedness to the company being first deducted. After three years' premium has been paid, except in case of failure to pay at maturity a premium note, the company will, upon legal surrender of this contract while in force, issue a paid up nonparticipating life policy for the amount named in table "A" on the following page. In case of default for non-

payment of premium after three years and no legal surrender having been made as above provided, and provided the insured has paid at maturity all notes given for premium, then this policy shall, without surrender, become a paid up term policy, without change of terms or conditions, except as to payment of premiums and participation in profits, and continue in force for such time as one annual premium on this policy is contained in its reserve value, according to the American four per cent table of mortality, at the end of which time this contract shall cease. In case the insured dies while the said term policy is in force, the amount of forborne premiums, with annual interest at six per cent, shall be deducted from the sum insured.'

"It also contains a condition that 'all premiums or notes or interest upon said notes given the company for premiums shall be paid on or before the days on which they become due, at the company's office in the city of Cincinnati, or to the authorized agent, he producing a receipt therefor signed by the president, vice-president, or secretary.' After this, other conditions are stipulated, and then the following clause: 'Upon the violation of any of the foregoing conditions, this policy shall be null and void without action on the part of the company or notice to the insured or beneficiary, and all payments made hereon and all secured surplus or profits shall be forfeited to the company, except as provided in the fifth paragraph' of the conditions, which provides, in certain cases, for the payment of the reserve value of the policy which are not at issue in this suit.

"Then follow other conditions, one of which provides: 'After three years from the date of this policy, it shall be incontestable for any cause, excepting the violation of the above conditions regarding the occupation of the insured, the intemperate use of intoxicating liquors, nonpayment of premium, or of notes given for the same, and misstatement of age.'

"If the plaintiff is correct in her claim that the policy became a paid up term policy, the proof shows that it was a term policy for three years and forty days from the 30th day of December, 1894, and that the term policy had not expired at the death of the insured. The proof also shows, if the term policy existed, the amount due thereon, less the foreborne premiums unpaid at the death of the insured, would be $853.10. The insured died August 14, 1896.

"Premiums were paid for the years 1889, 1890, 1891, 1892, and 1893. The premium due December 30, 1893, $83.81, was paid in May, 1895. It was settled by note dated December 30, 1893, and was paid, as stated, in May, 1895. The premium due December 30, 1894, was not paid. The dividend on the policy was $17.49, and in July, 1895, the company accepted a note for the balance, $79.42, due December 30, 1894. The note was dated December 30, 1894, and was received by the company July 25, 1895, the time the renewal premium receipt should have been sent to the assured. The note was never paid; it was due October 15, 1895. No premium or any portion thereof was paid on the policy after payment of the premium for 1893."

The note for the premium due December 30, 1894, purported to be signed both by the husband and the wife, contained a condition that upon failure to pay it at maturity the "policy, including all conditions therein 'for surrender or continuance as a paid up term policy," should, "without notice to any party or parties interested therein, be null and void." The plaintiff pleaded that she neither signed this note nor authorized anyone to sign for her. The note for the premium due December 30, 1893, and dated as of that date, was made payable six months after date.

The claim of the defendant in error is based upon the propositions, (1) that by the failure to pay the premium due December 30, 1894, the policy became a paid-up term policy, and (2), that such being the case, her interest in the policy as such became vested, and that it was not in the power of her husband by a subsequent contract reinstating the policy to divest her of that interest. In the view we take of the case, the second proposition need not be considered. Did the policy by its terms become a term policy upon failure to pay the premium? The conditions upon which it was to become such were, first, that the premiums should have been paid for three years; second, that all premium notes had been paid at maturity; and third, that there should be a default in the payment of a premium. The second and third conditions existed; three annual premiums had been paid and there was a default in the payment of the premium due December 30, 1894. But the premium of 1893 had been extended by giving a premium note therefor due six months after date, and at the time of the default that note, although past due, had not been paid. When this case came before us upon the application for the writ of error, we were at first inclined to hold that the premium notes mentioned in the conditions of the policy upon which it was to become a term policy, were notes which may have been given for one or more of the premiums of the first three years. But a further consideration has led us to change our opinion, and we are now satisfied that that construction was not correct. That view of the condition was probably induced by the fact that in some of the States the statutes prohibit a total forfeiture of a life policy after the payment of three years' premium. But the words are, "provided the insured has paid at maturity all notes given for premium," which are as comprehensive as words can be made; and we find no other words in the policy which indicate that any restriction was to be put upon the word "all;" or that any exceptions were to be made. The frequent mention of premium notes evinces that it was contemplated that the time for the payment of a premium might be extended by the giving of a note, and in several instances in which they are mentioned their nonpayment is made a ground of forfeiture. The next preceding provision to the one under consideration stipulates for a full paid policy for a reduced amount upon the surrender of the policy while in force, "except in case of failure to pay a premium note." Again that clause of the policy which makes it incontestable after three

years under certain exceptions, makes "nonpayment of premium or notes given for the same" one of the exceptions. We conclude, therefore, that a default in the payment of a premium did not convert the policy into a paid up term policy when at the time of the default there was a premium note past due and unpaid.

But it seems to be claimed that by reason of the fact that the company received payment of the note given for the premium due in 1893 it thereby waived the privilege of insisting upon any right growing out of the failure of the insured to pay that note at maturity. The insured was not bound to pay the premium of 1893. He might have declined and have taken a policy for a reduced amount or let his policy become a term policy. But when the company agreed to continue his policy in full force upon his giving his note for the premium and he gave the note, he became absolutely bound for its payment. There was a consideration to support the promise, and it was subject to no conditions. We think it too plain for argument that the company did not waive any right by accepting payment of a claim which it could have enforced in a court of justice.

The judgment of the Court of Civil Appeals and that of the District Court are reversed and the cause remanded.

*Reversed and remanded.*