## B. S. MUCKENFUSS V. THE STATE.

### No. 4530   Decided February 3, 1909.

**1.—Sunday Law—Statutes Construed—Former Conviction.**

Where upon trial for a violation of the Sunday law, under article 199 of the Penal Code, the evidence showed that there were two performances given at a theater on the same Sunday, one at 2:30 p. m. and the other at 8:30 p. m., defendant could not be convicted for more than one exhibition or performance on said Sunday, and a plea of former conviction should have been sustained on a second prosecution of a like offense on the same day.

**2.—Same—Sunday—Entire Day.**

The term Sunday as used in article 199, Penal Code, means the entire day from midnight Saturday night until midnight Sunday; and the statute not providing that each exhibition should constitute a violation of the law, the defendant could not be punished for each performance; and one conviction for opening a place of business or amusement on Sunday is a bar to prosecutions for opening at other times on the same day.

**3.—Same—Doctrine of Carving.**

The State can carve but once in cases of this character where the statute does not make each act or performance punishable, and a general inhibition of opening a place of public amusement for exhibition is confined to one day.

Appeal from the County Court of Dallas County at Law. Tried below before the Hon. W. M. Holland.

Appeal from a conviction of violating the Sunday law; penalty, a fine of $200.

The opinion states the case.

*Walker & Williams,* for appellant.—Haines v. State, 7 Texas Crim. App., 30; Linhart v. State, 33 Texas Crim. Rep., 504; Spier v. State, 2 Texas Crim. App., 246; Long v. State, 23 Pa. St., 297; 27 Am. & Eng. Enc. of Law, p. 388; Neff v. Barr, 14 S. & R. (Pa.), 166, and cases cited in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—There are several very interesting questions in the case presented for revision, but under the view entertained of the record it is only necessary to consider one question.

It is disclosed by the transcript that appellant was charged with two violations of the Sunday law, article 199 of the Penal Code, on the same day, to wit: Sunday, the 19th day of the month. A conviction resulted on the first trial, and proper judgment was entered. When the second case was tried a plea of former conviction was filed. A second conviction resulted. The facts show there were two performances given at the theater: one at 2:30, the other about 8:30 o'clock the same evening. There is evidence to the effect that the performance might be considered a continuing one and parties who bought tickets for the matinee at 2:30 could remain to the one that

occurred at night, but this phase of the testimony is not considered important.

The question concisely stated is, the State contends under the statute a conviction could be had for each performance, and appellant that only one conviction could be obtained, no matter how many exhibitions were given on the particular Sunday. The statute reads as follows: "Any merchant, grocer or dealer in wares or merchandise, or trader in any business whatsoever, or the proprietor of any place of public amusement, or the agent or employe of any such person, who shall sell, barter or permit his place of business or place of public amusement to be open for the purpose of traffic or public amusement on Sunday, shall be fined," etc. The term place of public amusement shall be construed to mean circuses, theaters, variety theaters, and such other amusements as are exhibited and for which an admission fee is charged." The issue is tersely presented, whether or not a theater giving more than one exhibition on Sunday can be punished for each performance. We answer this in the negative. "Sunday" as used in this statute means the entire day; that is, from midnight Saturday night until midnight Sunday. It includes twenty-four hours. Such has been the construction of "day" in all the decisions of this State where simply a "day" is mentioned. This statute is totally unlike those which make each particular act a violation of the law. Had the statute provided that each exhibition should constitute a violation of the law, appellant's position would not have been well taken. It is unnecessary to cite authorities, we think, in Texas to sustain these positions. One conviction for opening places of business on Sunday is a bar to prosecutions for opening at other times on the same day. It has been the subject of discussion and has been so decided in other States. See especially People v. Cox, 38 N. W. Rep., 235. This was a decision by the Supreme Court of Michigan. The court, among other things, said: "We are all of the opinion that the law contemplates but a single offense upon Sunday. The saloon is to be closed all day, and the opening of the same once or a dozen times is the same in the eye of the law. If it is not closed all day, the law is infracted, and if it is opened all day, the law is broken. The statute is violated by its not being closed, and the law does not ordinarily divide a day unless the intent of the Legislature is clear." To the same effect is Altenburg v. Commonwealth, 126 Pa. St., 602.

Applying any test to this character of case under the statute and facts as disclosed by this record, appellant's contention is correct that the State can only carve one offense of opening a theater on Sunday. In order for the State to carve prosecutions in cases of this character, the statute must prescribe or the legislative intent must be clear that it was the purpose to make each act or performance punishable This can not be done under the general inhibition of the exhibition confined to one day. It is manifest that the legislative intent was not

to carve offenses on this day or permit prosecutions for each separate exhibition; and it is equally patent that it was intended to punish such exhibitions only when they occurred on Sunday, treating the day as an entirety.

We are, therefore, of opinion that appellants plea of former conviction was well taken, and sustained by the law and the facts.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*