## Meridian Life Insurance Company v. Milam.

(Decided November 2, 1916.)

### Appeal from Logan Circuit Court.

1. **Insurance—Delivery of Policy—Payment of Premiums—Time of Death.**—Where a life insurance policy was dated June 8th, 1914, but was not delivered until June 13th, 1914, when the initial pre-

mium was paid, and the insured died on June 8th, 1915, he died after one year from the date of the policy—the date being its numerical date, and not the date of its delivery.

2. Time—Computation of Time—Rule for.—When the computation of time is to be made from an act done, the day on which the act is done must be included; but, when the computation is to be made from the day itself, and not from the act done, the day on which the act is done must be excluded from the computation.

3. Insurance—Incontestability of Policy.—Where a life insurance policy dated June 8th, 1914, provided that it should be incontestable, except for non-payment of premium, in case of the death of the insured after one year from the date thereof, the policy was not contestable upon the ground that the insured committed suicide on June 8th, 1915, or that he had fraudulently represented, in his application for the policy, that he had not theretofore been affected with gall stones.

BROWDER & BROWDER for appellant.

S. R. CREWDSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Affirming.

On June 8th, 1914, the appellant, the Meridian Life Insurance Company, of Indianapolis, Indiana, issued its policy contract to James W. Milam, whereby, in consideration of a premium of $49.18 then paid, and the agreement of Milam to pay a like sum annually on June 8th for eight years thereafter, and after the expiration of the nine years to pay an annual premium of $98.36, it insured the life of James W. Milam for $2,500.00.

Mary C. Milam, the wife of James W. Milam, was named as the beneficiary in the policy.

James W. Milam died on June 8th, 1915; and, proofs of death having been made, and the company having declined to pay the policy, Mary C. Milam filed this action on September 2nd, 1915, to recover the amount named in the policy.

There is no dispute about the facts of this case; the controverted questions relate solely to the law of the case.

The policy contains this provision:

"This policy shall not be in force until the first premium has been paid thereon and the policy duly delivered during the lifetime and good health of the insured."

It also contained this further provision:

"In case of death after one year from the date hereof this policy shall be incontestable, except for non-payment of premiums, provided the covenant for military and naval service in time of war, as provided in the application, shall have been complied with."

By his application, which is made a part of the contract of insurance, Milam agreed:

"That death by my own hand, or occasioned by my own act, whether voluntary or involuntary, whether I be sane or insane, or whether death be intended or anticipated as the result of such act, or in consequence of actual or attempted violation of law, within one year from the date of any policy issued hereunder, shall invalidate the insurance and forfeit the premium payments to the company."

By way of defense, the answer alleged, (1) that while the policy bears date June 8th, 1914, it was not actually delivered until June 13th, 1914; (2) that Milam, the insured, committed suicide on June 8th, 1915, which was within one year from the date of the policy, and, that by the terms of the application, above set forth, all liability under the policy was thereby annulled; and, (3) that the policy was procured by fraud, in this respect; that at the time of and before the date of the policy, Milam was affected with gallstones; that he fraudulently concealed that fact, and represented that he had never suffered from that disease.

The circuit court sustained a general demurrer to the answer; and, the defendant having declined to further plead, judgment went for the plaintiff for the amount of the policy. The company appeals.

The governing point upon which the whole case hinges, is this: Did Milam die after one year from the date of the policy? If he did, the policy, by its terms, is incontestable, and the judgment of the circuit court was right.

1. In order to avoid the effect of the one year clause after which the policy could not be contested, the company alleged, and now contends, that while the policy bears date June 8th, 1914, yet, as a matter of fact, the policy was not delivered, or the first premium paid, until June 13th, 1914; and, that Milam having died on June 8th, 1915, he died within a year "from the date" of the policy.

We see no merit in this contention. While it is true that insurance companies frequently, and we believe usually, do not deliver a policy upon the day of its date, nevertheless, all the provisions of the policy as to payments of future premiums, its maturity if it runs for a term, and similar provisions, are calculated from the day of its date. Of course, the insured can contract for a policy to be dated on any date after the date of his application; but, as a matter of routine business, policies are usually dated either according to the date of the application, or of its execution, and are subsequently delivered without any question being made upon that subject. But the rights of the parties to the contract are determined by the date and all future premiums are to be paid accordingly.

If Milam had died on June 12th, 1915, without having paid his second premium due on June 8th, 1915, could it be said that his policy had not lapsed for failure to pay the premium when due, according to the terms of the contract? Under such a state of case would the company concede that his policy was in force on June 12th, 1915, and that Milam had until that day to pay the premium? We think not.

Furthermore, the policy, by its terms, provides that the period of incontestability shall be calculated "from the date" of the policy—not from the date of its delivery. So, by the very terms of the policy, the one year period of incontestability began to run on June 8th, 1914.

2. The company further insists, however, that if June 8th is to control as the date of the policy, then Milam died within one year from that date and the policy is contestable under the provisions avoiding it for suicide and fraud; and that the demurrer to the answer relying upon those defenses was improperly sustained.

So, speaking concretely, the case resolves itself to this: Was June 8th, 1915, the day of Milam's death, within or after one year from June 8th, 1914?

The rule in regard to the computation of time is well settled, and is this: When the computation is to be made from the act done, the day on which the act is done must be included; but, when the computation is to be made from the day itself, and not from the act done. then the day on which the act is done must be excluded from the computation. Handley v. Cunningham, 12 Bush 401;

Mooar v. Covington City National Bank, 80 Ky. 307; Board of Councilman of Frankfort v. Farmers Bank of Kentucky, 105 Ky. 811; Erwin v. Benton, 120 Ky. 548; Geneva Cooperage Co. v. Brown, 124 Ky. 16, 124 Am. St. Rep. 338; Newton v. Ogden, 126 Ky. 101; Louisville Ry. Co. v. Wellington, 137 Ky. 728, and the cases there cited; and Lowry v. Stotts, 138 Ky. 251. The working of the rule may be illustrated by reciting the facts, and the conclusions reached, in two of the cases cited.

In Handley v. Cunningham, *supra*, the question was whether the Act of 1871, reducing the legal rate of interest from ten per cent. to eight per cent., was in force on September 1st of that year—the date of the notes in question. The statute provided that it should "take effect and be in force from and after the first day of September, 1871." The court applied the rule that when the time is counted *from* a day, the day was not to be included, and held that the Act of 1871 was not in force on September 1st, 1871. East Tennessee Tel. Co. v. Board of Councilman, etc., 142 Ky. 408, is also a good illustration of this application of the rule.

But, in Board of Councilmen of Frankfort v. Farmers Bank of Kentucky, *supra*, the statute required that an appeal should not be granted except within two years next after the right of appeal accrued. In that case, the judgment was rendered on January 21st, 1896; the appeal was granted on January 21st, 1898. It was held that the appeal had not been granted within two years next after the judgment had been rendered, because the two years expired on January 20th, 1898—the day before the appeal was granted.

In the case at bar, therefore, the year of incontestability must be computed from the dating of the policy, which was an act done on June 8th, 1914. Manifestly, therefore, June 8th, 1914, must be included in the computation, and the first year of the policy expired on June 7th, 1915. Otherwise, the year would have contained 366 days, instead of 365 days. But, by the terms of the policy, the insured was not required to pay the second premium until the first day of the second year, and, as there are no parts of days to be considered, he had all of June 8th, 1915, in which to pay the second premium; and, consequently, the policy remained in force throughout that day. Milam having died on June 8th, 1915, while the policy was in force, and not contestable, it became a

charge against the company. The fact that he had not paid the premium for the second year when he died, cannot affect the appellee's rights under the policy, since Milam was not then in default in the payment of any premium. Indeed, the company does not claim that the policy lapsed for failure to pay the second premium.

It follows, therefore, that since Milam did not die within one year from the date of the policy, it was incontestable upon either ground relied upon, and that the circuit court properly sustained the demurrer to the answer.

Judgment affirmed.