PACIFIC MUT. LIFE INS. CO. OF CALI-
FORNIA v. HARRIS.
No. 1455.

Court of Civil Appeals of Texas. Waco,
Feb. 15, 1934.

Rehearing Denied March 15, 1934.

McClellan, Lincoln & Williams, of Waco, for
appellant.

Nat Harris and Mabel Grey Howell, both of
Waco, for appellee.

STANFORD, Justice.

On April 20, 1920, The Pacific Mutual Life Insurance Company of California issued its policy of insurance No. 389679 on the life of George Winfield Harris whereby, in consideration of the payment in advance of an annual premium of $92.40 and the payment of a like premium on the 20th day of April in each year during the continuance of the policy until the death of insured, it promised to pay, on receipt of due proof of the death of George Winfield Harris, $2,000, less any indebtedness on the policy and any unpaid portion of the premium for the then current policy year, to Louise B. Harris, wife of insured, beneficiary.

George Winfield Harris died April 20, 1932. This suit was filed to determine whether the beneficiary, Mrs. Louise B. Harris, was bound upon an election by insured made about April 5, 1932, to convert the policy into one for paid-up life insurance whereby the liability of the company would be $1,139.19, or whether such election was without consideration, whereby the liability of the company would be the full face of the policy, $2,000 plus penalty and attorneys' fees.

The case was tried to the court without a jury, and resulted in a judgment entered January 19, 1933, whereby plaintiff was awarded a recovery of the face of the policy, $2,000, together with the statutory penalty of 12 per cent. and $500 as attorneys' fees. From this judgment defendant has duly perfected its appeal.

Statement.

Findings of court as follows:

7. "I find that on February 12, 1932, the insured wrote the company, asking if he might convert his policy into paid-up insurance, and if so, the amount of such paid-up insurance; to which the insurance company replied under date of Feby. 18, 1932, stating that his letter had been referred to the General Agent at Fort Worth, Texas; that on February 22nd, the Fort Worth office advised that the amount of paid-up insurance would be Eleven Hundred Eighteen ($1,118.00) Dollars, which included Two hundred Seventy-six ($276.00) Dollars non-participating additions, as follows, to-wit:

" 'The Company would be willing on April 20, 1932, the date to which premiums are paid, and providing there is no indebtedness then outstanding, to continue this policy as a non-participating paid-up life insurance policy in the amount of $1,118.00. This amount includes a non-participating addition of $276.00

purchased by the dividend for the years 1921 and 1928 inclusive and 1931 and 1932. The 1930 dividend of $19.26 with interest would be paid in cash.'

"And that the insured indorsed thereon 'O. K. above, Geo. W. Harris, 3/1/32, attend to it please, Geo. W. H.', and returned the letter to the Fort Worth office; that on March 2, 1932, the Fort Worth office wrote the insured as follows:

" 'We have yours requesting us to write for papers on April 20,1932, to have the above policy endorsed as to a non-participating paid-up life insurance policy in the amount of $1,-118.00 and we will forward the papers to you on that date for your signature.'

"That on April 4th request for non-participating life insurance in the amount of Eleven Hundred Eighteen ($1,118.00) Dollars was forwarded to the insured, and that he executed the same on the 5th day of April, 1932, which request for paid-up insurance is as follows:

" 'To the Pacific Mutual Life Insurance Company of California:

" 'I, the undersigned, hereby certify and declare that I am the owner of Annual Dividend Ordinary Life Policy No. 389679 in The Pacific Mutual Life Insurance Company of California, issued on the life of George W. Harris, on which a premium will become due on April 20, 1932, and that no one else has any interest of claim in or to the said policy. I herewith hand you the said Policy and request that you endorse the same as follows:

" ' "It is hereby understood and agreed that this policy is continued in force as a Non-participating paid-up life policy, for the reduced amount of $1,118.00, payable on the death of the Insured; all subject to the conditions and provisions contained in the policy and in the application therefor except those relating to the payment of premiums, or to participation in the surplus earnings of the Company. It is specifically understood and agreed, however, that any accidental total loss, permanent total disability or temporary accident and sickness disability benefits which may be contained in or issued in conjunction with the policy shall be deemed void and of no effect."

" 'In witness whereof, I have hereto subscribed my name at Baylor U., Waco, Texas, this 5th day of April, 1932, (signed) Geo. W. Harris, Insured, Baylor U., Waco, Texas, Residence: 2411 Homan Ave., Waco, Texas.' the original of which was offered in evidence by the insurance company.

"8. I further find that there is endorsed on said policy the following:

" 'It is hereby understood and agreed that this policy is continued in force as a non-participating paid-up life policy, for the reduced amount of One Thousand One Hundred Eighteen Dollars, ($1,118.00), payable on the death of the insured; all subject to the conditions and provisions contained in the policy and in the application therefor except those relating to the payment of premiums or to participation in the surplus earnings of the Company.

" 'It is specifically understood and agreed, however, that any accidental total loss, permanent total disability or temporary accident and sickness disability benefits which may be contained in or issued in conjunction with the policy shall be deemed void and of no effect.

" 'Dated as of April 20, 1932,

" 'The Pacific Mutual Life Insurance Company of California.

" 'George I. Cochran, President.

" 'S. F. McClung, Secretary.' "

The original policy herein provided for three options, any one of which could have been selected by the assured, as follows: Option No. 1, cash surrender value; option No. 2, paid-up life insurance; option No. 3, paid-up term policy. The assured in this case selected No. 2, paid-up life insurance, being as follows: "Have this policy endorsed by the company for a reduced amount of non-participating paid-up life insurance, payable at the same time and on the same conditions as this policy."

### Opinion.

From what is said above, it will be observed that the insured on February 12, 1932, desired to have his policy converted into a paid-up policy. So he wrote the company inquiring if this could be done, and, if so, what the amount would be. The insurance company replied that the policy could be converted into a paid-up policy, and the amount of such paid-up policy would be $1,118. It is evident from the record that the policy in question was, on April 5, 1932, attempted to be continued from said date, but as of date April 20, 1932, as a nonparticipating paid-up life insurance policy in the amount of $1,118. However, the old policy was still in full force and effect, and would necessarily remain so until April 20, 1932, the anniversary of said policy, and to which date the premiums had been paid in advance on the old policy. So nothing further could be done in the matter of the conversion of the old policy until

the 20th day of April, 1932, when the conversion could have been made effective, except for the fact that the assured on the anniversary of said old policy, at 9:20 p. m. April 20, 1932, died, about three hours before the expiration of said old policy.

The case was tried before the court without a jury, and, among others, the trial court found as a finding of fact that premiums on said policy have been regularly paid and that no premium, according to the terms thereof, was due thereon until April 20, 1932. "I further find that no specific hour is designated on the 20th of April for a payment of annual premiums." The trial court also found the following conclusions of law: "I conclude as a matter of law that the insured had until midnight of April 20, 1932, in which to pay the annual premium due on that date and the policy would not have been in default until after the expiration of said time. I therefore conclude that the purported conversion of said policy into a non-participating paid-up policy prior to midnight of April 20, 1932, was without consideration, in violation of the non-forfeiture clause of the policy and therefore void." (2) "I conclude as a matter of law that the Pacific Mutual Life Insurance Company is indebted to Mrs. Louise B. Harris in the sum of $2,000.00, together with interest and non-participating additions thereto in accordance with the provisions of said policy, and by reason of the fact that said amount was not paid within thirty days after demand therefor and suit was filed thereon to enforce payment, that she was entitled to 12% penalty and to the further sum of $500.00 as attorneys' fees."

Appellant contends that prior to the death of Harris an agreement was made between appellant and Harris whereby appellant was to continue said policy as a nonparticipating paid-up policy in the sum of $1,118, and that such an agreement was indorsed on said policy as of April 20, 1932. Appellee answered that, if said endorsement was made, and became effective as of April 20, 1932, the same was without consideration, and constituted no defense, for the reason that by the terms of the policy a premium was due April 20, 1932, and the said Harris had until midnight of April 20, 1932, in which to pay said premium without being in default; that, since the alleged conversion took place while the policy was in full force and effect and before the death of Harris, such conversion was without consideration and void. This is, in effect, the finding of the trial court and conclusions of

law as above set out, and is a correct statement of the law.

The appellant asserts as a matter of law that the insured had the right to convert the policy at any time after the expiration of three years from its issuance. The right to convert is a contractual right, and therefore, the right and the duty must be mutual, in other words, there would be no right to convert except in accordance with the provisions of the contract, that is, after the policy has been in force for three years and there was a default in the payment of any premiums at the annual maturity of same, the insured has the option to elect one of three courses, and, in the event the insured failed to elect, then the contract automatically elected the third of the three courses for him.

There is nothing in this record to show that there was any consideration; the record showing that, at the time of the purported election, the policy was in full force and effect by reason of the payment of a premium due April 20, 1931, and by the payment of said premium said policy was carried in full force and effect until midnight of April 20, 1932. Under no view of this case could the old policy be legally converted into a paid-up policy before April 20, 1932, the date to which premiums were paid, the anniversary of said policy. Appellant contends the old policy was converted into a paid-up policy and that said conversion was completed on April 5, 1932, and was effective as a paid-up policy from said date, but this could not be true, the paid-up policy could not become effective until the expiration of the old policy, April 20, 1932, the anniversary date of the old policy; otherwise the assured would have had no protection from April 5th to April 20, 1932, except what he might have had from the paid-up policy or reduced insurance, which would have been only $1,118, when he was entitled to protection in the sum of $2,000. As no time was specified for the payment of the assessment, the policy remained in full force until midnight of the last day specified as that on which payment must be made to save a forfeiture, so that the policy here involved would not have been in default until midnight April 20, 1932. It is also true, there being no default in the payment of a premium due on the policy, any attempt to change the terms of the policy not based on a valid consideration would be void. The policy providing on its face for the payment of $2,000 upon the death of the insured while the policy was in full force and effect, the

contractual obligation could not be discharged by payment of a lesser amount in the absence of a new contract based on a valid consideration moving from the insurer to the assured.

The attempt to exercise the right of election was made April 5, 1932; the change of the policy to a nonparticipating paid-up life policy for $1,118 was dated as of April 20, 1932. The date of the indorsement on the policy to the effect that the policy was continued as nonparticipating paid-up policy for $1,118 is not shown by the record.

For authorities on the question of forfeiture for nonpayment of premiums and premium notes, see Ætna Ins. Co. v. Wimberly, 102 Tex. 46, 112 S. W. 1038, 23 L. R. A. (N. S.) 759, 132 Am. St. Rep. 852; Union Central Life Ins. Co. v. Wilkes, 92 Tex. 468, 49 S. W. 1038; Southland Life Ins. Co. v. Hopkins (Tex. Com. App.) 244 S. W. 989; 37 C. J. 488, § 222.

The judgment of the trial court is affirmed.

ALEXANDER, Justice, and GALLAGHER, Chief Justice (concurring).

The policy of insurance here sued on was a regular life policy in the sum of $2,000, payable upon the death of the insured, and required the payment of an annual premium during the life of the insured. It contained a provision by which it could be converted into a paid-up policy, as follows:

"Non-forfeiture. After this policy shall have been in force three full years, the insured may elect within three months after any default in payment of premium, but not later, any one of the following options:

" * * * Option 2—Paid-Up Life Insurance. Have this policy endorsed by the Company for a reduced amount of non-participating paid-up life insurance, payable at the same time and on the same conditions as this policy."

The policy was taken out on April 20, 1920. The insured paid each annual premium in advance up to and including the premium due April 20, 1931. On February 12, 1932, the insured began negotiations for the purpose of having the policy converted into a paid-up policy, and thereafter on April 5, 1932, after some correspondence with the company, the insured signed a formal request to the company on blanks furnished by it to have the policy indorsed as "continued in force as a non-participating paid-up policy for the reduced amount of $1,118.00. * * *" The company so indorsed the policy "as of April 20, 1932." The record does not show just when this indorsement was placed upon the policy, nor does it show that the insured was advised that such indorsement had been made. The insured died April 20, 1932.

[ ] Is the beneficiary under the policy entitled to recover the sum of $2,000, the full face value of the policy, or only $1,118, that being the paid-up value thereof? This depends on whether or not the agreement to convert the policy became effective prior to the death of the insured. The effective date of such conversion is dependent on the intention of the parties. The contract for the conversion of the policy is evidenced by the company's offer as embodied in the option set out in the policy and the insured's acceptance as embodied in his request of date April 5, 1932. Neither of these instruments state specifically when the conversion was to take effect. In ascertaining such intention, we may therefore take into consideration not only the terms of the company's offer and the insured's acceptance, but the circumstances surrounding the parties at the time of the making of the contract and the purposes to be accomplished thereby. Restatement, Contracts, § 236. The company's offer of such option was carried under the heading "Non-forfeiture," and was intended as a privilege extended to the insured to enable him to avoid a forfeiture in the event of default in the payment of premium. The right to make such election was to be exercised "within three months after any default in the payment of premium." Default in the payment of premium was to be the occasion for exercising such election, and an avoidance of a forfeiture was to be the purpose to be accomplished. We may assume that the insured's request was made in the light of the terms of the policy providing for such privilege and of the circumstances prompting him to make such request. His purpose was to be relieved of the necessity of paying an additional premium and at the same time have his insurance remain in force for the fullest amount possible. By the payment of the annual premium on April 20, 1931, he thereby paid for insurance to the amount of the face value of the policy for the full period of one year. It would be unreasonable to assume that he desired to voluntarily and without consideration reduce the amount of insurance for which he had fully paid before the necessity for such reduction arose. No advantage could possibly have ac-

1066

crued to him by pursuing such a course. We may therefore assume that it was the intention of the parties that such conversion of the policy into a paid-up policy for an amount less than its face value was to take effect only when there had been a default in the payment of premium and when such conversion had become necessary in order to avoid a forfeiture. If such was the intention of the parties at the time the insured accepted the company's offer, then the company had no right by indorsement on the policy to arbitrarily fix an earlier date as the effective date for such conversion.

■■ This brings us to a decision of the question as to when such conversion became necessary in order to avoid a forfeiture, and this depends on when there would have been a default in the absence of the payment of an additional premium. As stated before, the last annual premium was paid on April 20, 1931. The next premium was due April 20, 1932, which was the day on which the insured died. The policy did not specify any particular hour for the payment of the annual premium. The general rule is that, where a premium is to be paid on a certain day, but no particular hour is specified for the payment thereof, the insured has the whole of such day and until midnight thereof in which to pay such premium without being in default. During such time the policy remains in full force and effect without the necessity of the payment of an additional premium. 37 C. J. 488; Couch on Insurance, p. 2042; Cooley's Briefs on Insurance, vol. 4, p. 3622; Vance on Insurance (2d Ed.) 268; Ætna Ins. Co. v. Wimberly, 102 Tex. 49, 112 S. W. 1038, 23 L. R. A. (N. S.) 759, 132 Am. St. Rep. 852; Meridian Life Ins. Co. v. Milam, 172 Ky. 75, 188 S. W. 879, L. R. A. 1917B, 103. Consequently, the policy in question, by its terms, would have remained in force for the full face amount thereof during the whole of the day on which the insured died without the payment of any additional premium. Therefore the necessity for conversion in order to avoid a forfeiture had not arisen at the hour of the insured's death, and hence the effective date when such conversion was to take place had not then arrived.

The beneficiary was entitled to recover the full amount of the policy, and we therefore concur in an affirmance of the judgment of the trial court.