[No. 26265. Department One. January 5, 1937.]

ALICE L. CANTRELL, *Appellant,* v. THE PRUDENTIAL IN-
SURANCE COMPANY OF AMERICA, *Respondent.*[1]

*Edward H. Chavelle,* for appellant.

*Bundy & Swale,* for respondent.

MAIN, J.—This action is based upon a life insurance
policy. The defendant denied liability and tendered
back the amount of the premium which it had received.
The cause came on for trial before the court and a jury.
At the conclusion of the testimony, each of the parties
moved for a directed verdict. The court denied the
plaintiff's motion and granted that of the defendant.
From the judgment entered in favor of the plaintiff in
the sum of $15.12, she appeals.

The facts essential to be stated are these: January 23,
1931, Martin H. Blair, through an agent of the respond-
ent, made application for a policy of insurance in the
sum of five hundred dollars, payable, in case of his

[1]Reported in 63 P. (2d) 509.

death, to Alice L. Cantrell, the appellant, his sister. At the end of the application, there was appended a receipt, signed by the agent of the respondent, for the first monthly premium of $1.26, which was paid at the time. In the application, there is a provision that the policy "herein applied for shall be accepted subject to the privileges and provisions therein contained, . . ." There is also the further provision that, if at the time of signing the application the

". . . full first premium is paid, the insurance shall take effect from the date of this application, in accordance with the provisions of the policy hereby applied for, . . ."

A policy was subsequently issued, dated February 16, 1931. The policy contained this provision:

"If within one year from the date hereof the Insured, whether sane or insane, shall die by suicide, the liability of the Company shall not exceed the amount of the premiums paid on this Policy."

The insured died by suicide February 12, 1932. Up to that time, all the monthly premiums had been paid, which amounted to the sum above mentioned. It will be noted from the facts stated that the insured died within one year from the date of the policy, but that he died more than one year after the date of the application.

The question is whether the controlling date is that of the application or that of the policy. It will be admitted that, when the policy was issued, it related back to, and the insurance became effective from, the date of the application. But this does not answer the question presented. The suicide clause of the policy says that, if within one year from the "date hereof" the insured shall commit suicide, then only the amount of the premiums paid can be recovered.

The question is a narrow one, and involves the meaning of the words "date hereof" in the policy. Do those

words refer to the date of the policy or the time when the insurance became effective? It will be admitted that a policy of insurance is to be liberally construed in favor of the insured, and, where there is ambiguity, the doubt should be resolved in favor of the insured. The meaning of the two words "date hereof," written in the policy, are definite and certain. There is no ambiguity about them, and there is no occasion for construction. They can mean but one thing, and that is, the date of the policy.

In the case of *Meridian Life Ins. Co. v. Milam,* 172 Ky. 75, 188 S. W. 879, L. R. A. 1917B, 103, the language in the policy there being considered was this:

"In case of death after one year from the date hereof this policy shall be incontestable, except for nonpayment of premiums, . . ."

It will be noted that the two words "date hereof" there being considered were the same as appear in the policy which is now before us. With reference to the meaning thereof, the court said:

"Furthermore, the policy, by its terms, provides that the period of incontestability shall be calculated 'from the date' of the policy—not from the date of its delivery. So, by the very terms of the policy, the one year period of incontestability began to run on June 8th, 1914."

In the case of *Wolford v. National Life Ins. Co.,* 114 Kan. 411, 219 Pac. 263, 32 A. L. R. 1248, the language of the policy being considered was to the effect, as stated by the court, that:

"The parties agreed and the application recited that the insurance was to date from November 14, 1917, . . ."

With reference to this language, the court there said:

"There is no ambiguity in the contract, in respect to the time of payment which opens the way for interpre-

tation by the court and permits it to say that one of several dates mentioned was the time for which insurance was to run and measure the date of expiration."

In the case of *Mutual Life Ins. Co. v. Hurni Packing Co.*, 263 U. S. 167, 44 S. Ct. 90, 31 A. L. R. 102, with reference to the meaning of the word "date," the court said:

"The word 'date' is used frequently to designate the actual time when an event takes place, but, as applied to written instruments, its primary signification is the time specified therein."

It is true that the court there was primarily considering the meaning of the words "from its date of issue," but, preliminary to discussing that question, the statement just quoted was made.

Had the policy, in the case now before us, instead of using the words "date hereof," used an expression such as "date of issue" or "date when the insurance became effective," a different question would be presented.

The judgment will be affirmed.

STEINERT, GERAGHTY, and BEALS, JJ., concur.

MILLARD, C. J. (dissenting)—I can not agree. The judgment should be reversed, with direction to enter judgment in favor of plaintiff for the face of the policy.