R. B. KELLY V. THE STATE.

No. 20763. Delivered January 31, 1940.
On Motion to Reinstate Appeal March 20, 1940.
Motion for Rehearing Overruled (Without Written Opinion) April 24, 1940.

The opinion states the case.

*J. F. Harrington,* of McKinney, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in the County Court of Collin County upon complaint and information charging that he unlawfully prescribed more than one pint of whisky in one day to P. S. Gibbs. His punishment was fixed at a fine of $150.00.

The record contains no such notice of appeal as will confer jurisdiction upon this court under the terms of Article 827, C. C. P., which requires that the notice be "entered of record." The transcript in the present instance shows a "docket entry," but fails to show that this was ever carried into the minutes of the court. Casey v. State, 32 S. W. (2d) 461; Rodriguez v. State, 132 S. W. (2d) 867, and cases there cited.

The appeal is dismissed.

### ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The record having been corrected so as to show the entry of notice of appeal in this case, the former order of the court dismissing the appeal is set aside and the case will be considered on its merits.

The appellant, a physician, filed a motion for a continuance setting up the fact that "he is 72 years of age and does not feel that he is able to stand the nervous strain and physical endurance of attending trial of the above case at this time." He attached a physician's certificate which, to some extent, sustains his contention, but which is primarily based on the appellant's statement to the doctor. His motion presents a question of fact which the trial court did not sustain. There is nothing to indicate any abuse of the discretion lodged in the county judge and it is not within the province of this court to say that he committed reversible error in forcing appellant to trial.

In a rather lengthy motion in the case he asked for a new trial. It was his claim that the evidence is insufficient to warrant a conviction; that the evidence shows conclusively a prescription written to W. W. Reed and one to P. H. Gibbs; that the only evidence showing Gibbs and Reed to be the same person was that from P. H. Gibbs, an Inspector for the Texas Liquor Control Board; that the statute under which he was prosecuted (Subd. 18 of Art. 666-15, P. C.) is unconstitutional and void and is violative of the Bill of Rights of the Texas Constitution as an invasion of a field of action resting in the trained and discretionary power of a physician. It is further alleged that only a trained and experienced physician can know and ascertain the amount of intoxicants or pain-relieving medicine, such as liquor, that a patient should use in a given period of time and that a hard and fast rule, as set up by this statute, could only lead to the enlarging, rather than the relieving, of human suffering and might further, rather than relieve, human deaths.

As we understand the objection, it is in short a challenge to the power of the people themselves, through any form, to place upon themselves or the physicians which they license, such restraint as is described in the statute.

Under the Constitution of the United States, all power not specifically delegated to the Federal Government, is retained by the people. They have the right to give unto the State Government such proper governmental power as has not theretofore been delegated to the Federal Government. If the people themselves have a right in any governmental matter, they have the power to delegate that to the State unless they have previously lodged it in the Federal Government. The adopted method for doing this is through our Constitution. Individual rights and liberties may not come within governmental functions so long as they do not, directly or indirectly, affect others than the individual himself, but when deemed to be essential to the safety, health, peace, good order and morals of society, they become proper subjects for the application of governmental function. It has been said: "Even liberty itself, the greatest of all rights, is not unrestricted license to act according to one's own will." It becomes liberty regulated by law. The right to acquire, enjoy and dispose of property is an inalienable right of man, but the right of the State to regulate the acquisition, enjoyment and disposition of property may not be questioned. The right to enjoy property must be so exercised as not to impair the equal enjoyment by others of their property. It has

long since been determined that the State has a right to regulate the practice of medicine, of law, and more recently, of many trades and professions. Increased population, superior knowledge of sanitation and health conditions, continually develop and increase demand and new knowledge of the necessity for further regulation. No individual in any government of any form among civilized men can have rights superior to that of the public.

License to a man to practice his profession does not mean that he is privileged to act without restraint of law. Usually the function of a license is to place one in a class to be regulated in conformity with the established rules for that class.

The power in a government to prohibit the sale of an article or the doing of a thing of necessity carries with it the lesser power,—that of regulation. That the State has power to prohibit the sale of intoxicating liquor in any amount, when authorized to do so by the Constitution, is no longer a subject of debate. Cronin v. Adams, 192 U. S. 108, 48 L. Ed. 365.

In Ex parte Roper, 134 S. W. 334, Judge Ramsey, writing for this court, forcefully sustained the State's power of regulation on the subject, holding that the State is interested in the character of its people no less than in their health or personal safety, from which flows the conclusion that the right of a physician to use his judgment cannot supersede the right of the people in their judgment to care for and protect, foster and develop, the conditions and the morals of the community, inevitably placing its imprint on those who, by force of circumstance, happen to be reared or privileged to rear their children in such community.

In Edgar v. State, 102 S. W. 439, the court, in discussing the constitutional right of the Legislature to regulate the sale of liquor for medicinal purposes, gave this statement: "The tenth assignment of error, attacking the constitutionality of the act in question on the ground that the Legislature cannot license or regulate the sale of liquor for medicinal purposes in a local option district, is without merit."

The physician deals with the life, health, morals and comforts of the people. These are proper subjects for regulation by the State under its police power.

11 Amer. Jur., p. 1044, sec. 284, holds that those engaged in the practice of dentistry, as well as medicine, surgery and related vocations, are subject to legislative regulation. Such vocations being subject to regulation, will include all of its incidents.

The power and right of the people, through its Constitution and laws, to license the practice of medicine, carries with it, without question, the right of the people to regulate such practice. 21 R. C. L., p. 363, par. 10; Butcher v. Maybury, 8 Fed. (2d) 155.

It is further held that while the license to practice is a property right and a valuable one, it is nevertheless subject to revocation for good cause. 11 Amer. Jur. p. 1033, sec. 275; 37 C. J. p. 168, Newson v. Galveston, 76 Tex. 559, 13 S. W. 368; State Ex Rel McNamara v. Clark, 79 Tex. Cr. R. 559, 187 S. W. 760; Prater v. Storey, 249 S. W. 871.

In our view, the Legislature had authority to enact the statute in question under Art. 16, Sec. 20 of the Constitution as adopted in 1935.

A further question is raised as to what constitutes a "day." This, we think, has been settled in Muckenfuss v. State, 116 S. W. 51, 55 Tex. Cr. R. 229. A "day" is held to be from di-night to midnight, a period of twenty-four hours. Where the word "day" is used, it has been uniformly held to mean twenty-four hours, as defined in this case. See also Words & Phrases, 2nd Series, Vol. 1, p. 1207.

The appeal presents no error requiring further consideration, and the case is accordingly affirmed.