**DAVIS v. NATIONAL SECURITY LIFE & CAS. INS. CO.**

No. 4881.

Court of Civil Appeals of Texas. El Paso.
Nov. 19, 1952.

Rehearing Denied Jan. 14, 1953.

Earl Luna and De Shazo & Hyde, Dallas, for appellant.

Chaney & Davenport, Dallas, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of one of the District Courts of Dallas County, 95th Judicial District. We heretofore affirmed the judgment of the trial court. The original opinion was written for the court by Justice McGILL, the writer concurring with Justice McGILL in the disposition of the case. Justice SUTTON dissented.

Careful and painstaking consideration has been given to appellant's motion for a rehearing. Justice SUTTON and the writer agree that the rehearing should be granted, the judgment of the trial court reversed and remanded. Justice McGILL adheres to the views expressed in the original opinion affirming the case.

In this case appellant sought to recover the sum of one thousand dollars as due on an accident policy issued by appellee insuring appellant against the accidental death of Edna Sewell, his step-daughter. A penalty of 12% is sought and $500 as attorney's fees.

Trial was to the court without a jury, and judgment was in favor of appellee, the defendant insurance company. There is no substantial disagreement between the parties as to the facts. Appellee claimed the policy had lapsed before the death of plaintiff's step-daughter occurred because of non-payment of the renewal premium due. Appellant's points assert that the policy was in effect at the time of the death of assured. The policy was issued by appellee on February 1, 1950, and insured against loss of life through purely accidental means while the policy was in force, covering among others, Edna Sewell. Edna Sewell sustained accidental bodily injuries on or about 7:15 P.M. on September 1, 1950, which immediately resulted in her death.

On page 1 of the policy, above appellee's signature, prominently appears the following:

"Renewal premium $4.80 due on or before the 1st day of each month beginning March 1, 1950, without grace.

"The payment in advance of premiums of $4.80 monthly thereafter, beginning with March 1, 1950, is required to keep this policy in effect."

On the last page of the policy, rather obscured under the heading "Additional Provisions", which is preceded by headings "Limitations", "Exclusions" and "Reductions" and another "Standard Provisions" appears the following:

"(c) The term of this policy begins at 12 o'clock noon, Standard time of the place where the Insured resides on date thereof against accident and on the fifteenth day thereafter against

disease and ends at 12 o'clock noon same Standard time on date any renewal is due."

The language of an insurance policy is selected by the insurer. If same is ambiguous, contradictory, or contains inconsistent terms, that construction should be adopted which favors the assured. McCaleb v. Continental Casualty Co., 132 Tex. 65, 116 S.W.2d 679, loc. cit. 682, and cases cited; 44 C.J.S. Insurance, § 297, pages 1165–1180. This is but another way of stating the rule against forfeitures, that is, if the contract is susceptible of two interpretations, that which will sustain it will be adopted.

Above we have reproduced the provisions appearing on page 1 of the policy of insurance. In substance the provision was that premium should be paid on or before the first day of each month beginning March 1, 1950 without grace; the further provision that payment of $4.80 monthly in advance, beginning March 1, 1950, was required to keep the policy in effect. Now standing alone it is elementary that a payment any time during the twenty-four hours elapsing between the beginning of the day and its close at 12 o'clock midnight would be sufficient to renew the policy in accordance with the provision. Pacific Mutual Life Ins. Co. v. Harris, Tex.Civ.App., 68 S.W.2d 1062, loc. cit. 1065; concurring opinion of Justice Alexander and Chief Justice Gallagher citing Couch on Insurance, p. 2042; Cooley's Briefs on Insurance, Vol. 4, p. 3622; Vance on Insurance, 2d Ed. 268; Aetna Life Ins. Co. v. Wimberly, 102 Tex. 46, 112 S.W. 1038, 23 L.R.A.,N.S., 759; Meridian Life Ins. Co. v. Milam, 172 Ky. 75, 188 S.W. 879, L.R.A.1917B, 103.

In the case of Kelly v. State, 139 Tex. Cr.R. 156, 138 S.W.2d 1075, 1077, Judge Beauchamp writing the opinion for the court, says:

"A 'day' is held to be from midnight to midnight, a period of twenty-four hours. Where the word 'day' is used, it has been uniformly held to mean twenty-four hours, as defined in this case."

In the case of Long v. City of Wichita Falls, 142 Tex. 202, 176 S.W.2d 936, 938,

Chief Justice Alexander writing the opinion for the court says:

"It is true that ordinarily the word 'day,' as used in the law, means a calendar day, and includes the time elapsing from one midnight to the successive one."

citing 41 Texas Jurisprudence 344; Dallas County v. Reynolds, Tex.Civ.App., 199 S.W. 702; Muckenfuss v. State, 55 Tex.Crim. R. 229, 116 S.W. 51, 20 L.R.A.,N.S., 783, 131 Am.St.Rep. 813, 16 Ann.Cas. 768.

In the case of Schwenger-Klein, Inc. v. Pacific Mutual Life Insurance Co., 83 Ohio App. 126, 80 N.E.2d 696, loc. cit. 698, it is said:

"There can be no doubt that by virtue of the contract of insurance calling for the annual payment of premiums that upon the expiration of a year for which the premium has been paid the policy is not in default on the first day of the succeeding year. But this is not because the premiums paid for the previous year's insurance extends beyond the year for which it was paid. An annual premium payment is the consideration of one year's coverage for 365 days, not 366 days. The reason that on the anniversary day upon which the premium becomes payable the insured is not in default is because the insured has all of that day in which to pay if he desires to continue the contract of insurance."

It is thought that ordinarily language used in a formal legal document such as an insurance policy which has been held by the courts to have a certain meaning is used in that sense. If we read the first quoted paragraph of the policy in regard to when renewal premiums are due it would be in substance as follows: Renewal premium of $4.80 due on or before the first day of each month beginning March 1, 1950 without grace. This means that the premium must be paid by midnight on such first day of the month. It is asserted that the judgment of the trial court is justified by the provision

"(c) The term of this policy begins at 12 o'clock noon Standard time of the

place where the insured resides on date thereof against accident and on the fifteenth day thereafter against disease and ends at 12 o'clock noon same Standard time on date any renewal is due."

and the policy lapsed at 12 noon, prior to the death at 7:15 p. m. This provision does not expressly provide, that the policy is not renewed unless the premium be paid by 12 o'clock noon on the day it was provided that it should become due. If this clause be given that construction it is in direct conflict with the clause which provides that the renewal premium should be due on the first day of the month. A day is twenty-four hours, no more, no less. It is a point of time, an indivisible point of time, not a period of time.

The first two provisions being clear and explicit that the insured had the entire first day of the month in which to pay the premiums in order to renew, this right could not be nullified by a subsequent provision of doubtful meaning. A payment in advance as commonly understood is a payment during the day the obligation becomes due. If here there was no obligation to pay, there was a right to pay and thus insure the renewal. Edna Sewell's death occurred prior to the time it was necessary for the insured to pay the premium to secure the continuance of the policy. The policy at the date of her death indemnified the insured.

It is ordered that our prior opinion and judgment affirming this case be in all things set aside and the original opinion withdrawn; further that the judgment of the trial court be reversed and the cause remanded to the trial court with directions to enter judgment for the face of the policy with 12% statutory penalty, and after ascertaining the amount of reasonable attorney's fees for the appellant to enter judgment therefor in his favor.

SUTTON, J., concurs.

McGILL, Justice (dissenting).

If the quoted provisions appearing on pages 1 and 3 of the policy stood alone there can be no doubt that the general rule enunciated in Pacific Mutual Life Insurance Co. v. Harris, Tex.Civ.App., 68 S.W. 2d 1062, wr. dis., would apply, and that the appellant would have had the entire day of September 1st, 1951, that is, until 12 o'clock midnight, in which to pay the renewal premium falling due on that date, and that the policy would have remained in force until 12 o'clock midnight September 1, 1951, even though the renewal premium had not been paid. Pacific Mutual Life Ins. Co. v. Harris, supra; Sovereign Camp, W. O. W. v. Rhyne, 171 Miss. 687, 158 So. 472; Public Savings Ins. Co. v. Coombes, 59 Ind.App. 523, 108 N.E. 244; Supreme Tribe of Ben Hur v. Hall, 24 Ind.App. 316, 56 N.E. 780.

Appellee relied on provision (c) printed under the additional provisions on page four of the policy, above quoted, to take the case out of this general rule. It contends that the policy is not ambiguous and that this provision is not repugnant to the provisions appearing on page one of the policy above quoted; in other words, that the provisions on page one fixed the due date of renewal premiums and provision (c) limits the time of the day on such date when the coverage expires, or fixes the hour of the day when the premium must be paid, and the fact that one provision of the policy limits another provision thereof does not make such provisions inconsistent or repugnant. I am not in accord with this contention. Clause (c) by necessary implication changes the hour when the renewal premiums were required to be paid under the prior clauses of the policy in order to keep the policy in force. It does not conflict with any express provision of these clauses but it does conflict with the provision implied by law that payment of the premium could be made at any time until midnight of the renewal date. However, even though such conflict may render the policy ambiguous and invoke the application of the well recognized rule that it must be construed most strongly against the insurer and in favor of the insured so as to prevent a forfeiture, yet in view of the elementary rule of construction of written contracts which requires

"That the intention of the parties * * * is to be gathered from a construction of the entire instrument."

and that

"It is to be presumed that every provision of the contract was incorporated for a purpose and the court has no right to nullify any of its terms, and if possible a construction will be adopted which gives effect to each and every part of the instrument in preference to one which would render any provisions therein meaningless * * *." 10 Tex. Jur. pp. 282 and 284.

The conclusion is inescapable that unless clause (c) is rendered meaningless it limits the other provisions so as to fix the hour of day on which renewal premiums must be paid to keep the policy in force, as contended by appellee. I think the case of Donaldson v. National Life & Accident Insurance Co., Tex.Civ.App., 53 S.W.2d 136, wr. ref., cited and relied on by appellee gives some support to their contention.

On Appellee's Motion for Rehearing.

PRICE, Chief Justice.

This is an appeal from a judgment of one of the District Courts of Dallas County, 95th Judicial District. We heretofore affirmed the judgment of the trial court. The original opinion was written for the court by Justice McGILL, the writer concurring with Justice McGILL in the disposition of the case. Justice SUTTON dissented.

 Careful and painstaking consideration was given to appellant's motion for a rehearing, and the same was granted. We have given the same careful and considerate thought to this, the appellee's motion for rehearing, and after examination of the grounds urged in said motion are of the opinion that same should be granted in part and denied in part. In this connection we repeat and reiterate the reasons and authorities given in our opinion granting appellant's motion for rehearing. There is, however, a modification in that we have concluded that appellant Davis is not entitled to collect the statutory penalty of 12% or his attorney's fees. General Life Ins. Co. v. Potter, Tex.Civ.App., 124 S.W.2d 409; American Casualty & Life Co. v. Hale, Tex. Civ.App., 198 S.W.2d 759. With that modification our opinion as rendered on appellant's motion for rehearing, with its reasons and authorities, is adopted and included as our opinion on this the appellee's motion for rehearing, subject of course to the aforesaid modification.

It is therefore ordered that the appellee's motion for rehearing should be granted in part and denied in part, and that the judgment of the trial court be reversed and here rendered in favor of the plaintiff, George W. Davis, for the face of the policy.

McGILL, J., dissents.